■ In the Matter of the Claim of MARGARET B. IMRE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GABRIELLI, J. Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant-appellant from receiving benefits on the ground she voluntarily left her employment without good cause. Claimant was employed as a keypunch operator and had been working an evening shift. When she was notified her tour of duty was changed to a daytime shift because the evening shift itself was being discontinued, she refused to accept the change. Her reason for refusal was that her mentally ill brother would be released from the hospital about every four months, for four days at a time and she would be responsible for him during daytime hours. It appears that the claimant had a sister living nearby and that there are other brothers and sisters who could assist. Whether claimant's action constituted a voluntary leaving without good cause is a factual determination for the board. On the present record, we cannot disturb the board's determination. (Labor Law, § 623; *Matter of Martino* [*Catherwood*], 24 A D 2d 772; *Matter of Tatem* [*Catherwood*], 26 A D 2d 607.) Any preference for particular hours of employment, in the absence of truly compelling circumstances, does not constitute good cause either for refusing or leaving employment (*Matter of Weiss* [*Catherwood*], 26 A D 2d 851; *Matter of Sybell* [*Catherwood*], 14 A D 2d 981). Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.

■ In the Matter of the Claim of THEODORE GIACOMINO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which held claimant ineligible to receive benefits for one period as not capable of work and for a second period as not available for employment, imposed a forfeiture for willful misrepresentation to obtain benefits and found an overpayment of benefits, held to be recoverable. The decision is in each respect supported by substantial evidence. During the first period, while ill and receiving disability benefits, claimant applied for unemployment insurance benefits, indicating that his employment had terminated because of lack of work and, further, that he was not receiving or claiming sickness and disability benefits. He further indicated each week that he was able to work and available for employment. The board properly found that during the second period claimant remained outside his normal labor market and made no real search for work. Claimant's statements above alluded to were obviously false, were properly found to be willful and resulted in recoverable overpayments. Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*