In the Matter of the Claim of JEFFREY FLEISCHMANN, Respondent. ROCHESTER GENERAL HOSPITAL, Appellant; LOUIS L. LEVINE, as Industrial Commissioner, Respondent. In the Matter of the Claim of HENRY J. CHLEBOWSKI, JR., Respondent. ROCHESTER GENERAL HOSPITAL, Appellant; LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 1972. Two claimants herein were approved for conscientious objector status under the Military Selective Service Law providing they performed alternative civilian service contributing to the national health, safety or interest at a location over 50 miles from their homes in Buffalo. Both claimants entered the employ of appellant, Rochester General Hospital. This employment satisfied the requirements of the Military Selective Service Law and Regulations. When the two claimants had fulfilled their required terms of alternate service, they resigned their employment and returned to Buffalo. Thereafter, they filed for benefits stating in their applications that they were not working for their last employer because they had completed their alternate service obligations as conscientious objectors and had been released by Selective Service. Both claimants could have remained employed at the hospital. Their reasons for leaving their employment were that one stated he wanted to return to his home town and complete his education, and the other wanted to return to his home town so he could be near his

ill mother. The majority of the board determined that, since they were obligated to pursue an alternative obligation under the Military Selective Service Law, their desire to return to their home town when the period of obligation ceased, constituted good cause for leaving their employment within the meaning of the Unemployment Insurance Law. The Unemployment Insurance Law was enacted to compel the setting aside of financial reserves for the benefit of persons unemployed through no fault of their own for the purpose of lightening the burden of economic insecurity due to involuntary unemployment. (Labor Law, § 501.) The Unemployment Insurance Law, however, does provide for the payment of benefits, although the separation from employment is voluntary when the circumstances surrounding the separation are found to constitute good cause. (Labor Law, § 593, subd. 1, par. [a].) The law does not define the circumstances which constitute good cause, thus delegating to the board the duty of determining from the facts and circumstances surrounding a voluntary separation whether or not such separation was with or without good cause. Good cause may exist because of conditions which do not have a direct bearing on the work itself providing it has a reasonable foundation such as illness or other events of important personal consequence to the worker. (*Matter of Shaw* [*General Mut. Ins. Co.— Lubin*], 6 A D 2d 354, affd. 5 N Y 2d 1014.) Section 623 of the Labor Law provides that " A decision of the appeal board shall be final on all questions of fact and, unless appealed from, shall be final on all questions of law." " If the board's decision is arbitrary, or contrary to law, a different result may be spelled out in court; but if the decision rests on a factual evaluation open to different interpretations, it must be affirmed." (*Matter of Marsh* [*Catherwood*], 17 A D 2d 527.) Here, the release of their obligation of alternate service under the Military Selective Service Law was an event of important personal consequence to the claimants, as they were then free to work in employment of their own choosing regardless of the nature of the work and the place of work, and could now work in their former place of residence. The board found that " Under the facts herein we do not feel these claimants freely and voluntarily accepted the terms and conditions of their employment. This was a recognized alternative obligation under the Selective Service Law and their leaving to return to their homes when such period of obligation terminated, was with good cause." The board's determination that claimants left their employment for good cause is based upon a reasonable foundation and, although others might be of a different opinion, the determination of the issue was within the sole province of the board and must, therefore, be affirmed. (*Matter of Marsh* [*Catherwood*], *supra.*) The contention that the service rendered by these claimants did not constitute employment is not persuasive. The services performed come clearly within the definition of employment contained in subdivision 1 of section 511 of the Labor Law. The decision of the board must, therefore, be affirmed. Decision affirmed, with one bill of costs to claimants-respondents. Staley, Jr., J. P., Greenblott, Sweeney, Main and Reynolds, JJ., concur.