Submitted on record and briefs November 27, affirmed
December 24, 1973

YORK, *Petitioner, v.* MORGAN, *Respondent.*

517 P2d 301

Fabre & Ehlers, Pendleton, for petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

The issue here is whether the Employment Appeals Board correctly interpreted ORS 657.155 (3) in deciding that claimant, a licensed practical nurse, was ineligible for unemployment benefits for the weeks during which she refused to accept work as a licensed practical nurse for any shift other than the day shift.

Claimant had been employed at a hospital in Pendleton. Her employment was terminated because of mandatory retirement at age 65. Claimant then filed her claim for unemployment benefits. She was referred to another hospital in the Pendleton area for possible employment as a licensed practical nurse. This hospital offered her work consisting of four days per week on the day shift and one day per week on an evening shift. Claimant refused this work because according to her it was necessary for her to be with her husband during times other than the day shift. The evidence was that her husband suffers from a heart condition, has been hospitalized numerous times because of this, has dizzy spells, is under the care of a physician, and is taking medication for his condition. Claimant's husband operates a business in Pendleton during the daytime. At his place of business there is another employe present who is available to call an ambulance or give claimant's husband assistance in an emergency. Claimant was unable to obtain employment at any other hospitals or nursing homes.

ORS 657.155 provides:

"An unemployed individual shall be eligible to

receive benefits with respect to any week only if the administrator finds that:

"* * * * *

"(3) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. * * *

"* * * * * *"

ORS 657.190 provides:

"In determining whether or not any work is suitable for an individual, the administrator shall consider, among other factors, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence."

We have not been cited to any statute or Oregon decision dealing precisely with the question of whether claimant's reasons for limiting the time when she would work disqualified her from unemployment benefits. However, *Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972), is closely analogous. We there held that a community college student did not establish eligibility when he did not unequivocally testify that he was ready to drop school if necessary in order to accept any suitable work. In so holding, we approved the order of the Employment Appeals Board, which was:

"'* * * Claimant's activities during the weeks in question and testimony as to the hours he would accept employment conclusively establish he was neither available for work or actively seeking all suitable work. *These requirements of the law are satisfied only when the individual is ready and willing to accept work for hours normal to the occupation* and has made a sincere and reasonable effort to secure work. Being available to accept work for all

hours except one shift or a part of one shift does not satisfy this eligibility condition of the law. * * *" (Emphasis supplied.) 9 Or App at 118.

The statutes of some states, contrary to the Oregon statutory scheme, make specific provisions for part-time availability. The jurisdictions which do not are split on the question of whether a claimant may be considered "available for work" if he places time limits on his availability. Broden, Law of Social Security and Unemployment Insurance 340, § 8.18 (1962); Annotation, 35 ALR3d 1129 (1971). The majority of jurisdictions with statutes similar to Oregon's appears to hold that one who restricts the hours of availability based upon domestic considerations is not eligible for benefits. *Goings v. Riley,* 98 NH 93, 95 A2d 137 (1953) (paralyzed mother); *Moya v. Employment Security Commission,* 80 NM 39, 450 P2d 925 (1969) (care of grandmother in evenings); *Imre v. Catherwood,* 27 App Div2d 970, 279 NYS2d 213 (1967) (care of mentally retarded brother); *Kelter Unempl. Compensation Case,* 181 Pa Super 67, 121 A2d 907 (1956) (nervousness of wife).

■■ We think the rule laid down in the above cases is the better one. While sound public policy indicates that concern for family is to be encouraged, it does not follow that unemployment compensation may be used to foster it. Unemployment compensation is designed to ease the burden of those who are generally available in the labor market but for whom no suitable gainful employment is available. It was not created to ease the burden of those who for one reason or another are not generally available. Nursing is an occupation which by its very nature must be carried on at all hours, not just during daylight hours. The statement of the Michi-

gan Supreme Court in *Ford Motor Co. v. Unemp. Comp. Comn.,* 316 Mich 468, 473, 25 NW2d 586 (1947), is applicable to the case at bar:

> "* * * There is nothing in the statute to justify the conclusion that the legislature intended a claimant might limit his employment to certain hours of the day where the work he is qualified to perform is not likewise limited. It may be assumed that, in a so-called 'around-the-clock' operation, the work on different shifts does not vary in character. When claimant stated she would not accept work except on the afternoon shift, she clearly made herself unavailable for work of the character that she was qualified to perform. * * *"

Affirmed.