■ In the Matter of the Claim of SALLY BUSCH, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1975, which adopted and affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she refused an offer of employment without good cause. The claimant had worked for her last employer from August 24 to December 7, 1974 as a salesperson on three days per week, three hours per day from 8:00 to 11:00 P.M. or 7:30 to 10:30 P.M. After the claimant was discharged by the employer, he indicated there was work available for her and, accordingly, the claimant was referred by the respondent's local office to the employer on December 29, 1974. The employer offered her new employment, five evenings per week from 6:00 P.M. to 12:30 A.M. The sole issue before the board and for review upon this appeal is whether or not the claimant established *good cause* for the refusal of the December 29, 1974 employment offer. Ordinarily, the burden of establishing good cause for a refusal of employment is upon the claimant. In this case, the claimant established that she had children ranging in age from 5 to 16 years. She testified that her last employment had not required leaving the oldest (a boy) in charge of the children for long hours and that her mother who also worked had helped if necessary. Her husband was working "swing shifts" and would not be able

to care for the children on a regular basis. The claimant as a prima facie matter established good cause for not accepting the extensive evening employment offered. The mere existence of a 16-year-old son does not establish an available baby sitter for the evening hours and the board's reliance on such a fact is not supported by substantial evidence. The decision is also without any support in the record insofar as the referee found the new hours to be substantially the same as her former employment. The sole evidence in this record is that the claimant's refusal of the job offer was not for purely personal reasons and there is no substantial evidence to support the board's finding that she lacked good cause for refusal of the employment offer. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Koreman and Main, JJ., concur.