Submitted on record and briefs January 13, affirmed February 9, reconsideration denied March 10, 1976

## MENDELSON, *Petitioner,*
*v.*
## EMPLOYMENT DIVISION et al, *Respondent.*
### (No. 75-3925, CA 4795)
545 P2d 610

Michael B. Mendelson, Salem, pro se, petitioner.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, Salem, for respondents.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

**FOLEY, J.**

This is an appeal from an order of the Employment Appeals Board denying unemployment benefits to claimant.

At the time claimant, a civil engineer, was separated from employment as an engineer, he simultaneously entered into a contract with an insurance company to sell insurance on a commission basis. He filed for unemployment benefits for the first five weeks he attempted to sell insurance. He recited in the claims forms that he was a "full time insurance agent" and that he worked 40, 40, 40, 28 and 26 hours respectively during the five weeks. At the hearing claimant testified that the above number of hours "may not be accurate" and "are approximate hours" and that "the hours may have been less." He did not testify to any more accurate number of hours. During the five-week period his earnings were negligible.[1]

The referee denied claimant benefits for the five-week period, ruling that "Claimant was not sufficiently available for work and actively seeking and unable to obtain suitable work to qualify for unemployment insurance benefits." ORS 657.155. The Employment Appeals Board agreed with the referee on the basis that claimant, on account of the time devoted to his new endeavor of selling insurance, severely restricted his availability for work and his time to actively seek work.

On appeal, claimant urges that his time spent as an insurance agent was during late afternoon and evening hours and did not conflict with his seeking employ-

---

[1] Had claimant been found to have met the requirement of availability for work, ORS 657.155, his employment as an insurance agent would have permitted his classification as unemployed under ORS 657.100, which reads:

"An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * *"

ment as a civil engineer. However, we are unable to find this evidence in the record before the referee. It is fundamental that the case must be decided on the record made before the referee. *Stevenson v. Morgan,* 17 Or App 428, 431, 522 P2d 1204 (1974). We therefore conclude that the order of the Employment Appeals Board is based on substantial evidence. *Western Amusement v. Springfield,* 274 Or 37, 545 P2d 592 (1976); *Cantrell v. Employment Division,* 24 Or App 215, 545 P2d 143, Sup Ct *review denied* (1976).

■ ORS 657.275(1) requires the Employment Appeals Board to render its decision not less than 30 days from the receipt of the application for review. Here there was a delay of approximately 11 days after the 30-day period. Petitioner points out the deficiency but does not claim any prejudice to himself or suggest that anything short of reversal should result from the Board's delay. The statute makes no provision for the consequence of failure to comply with its strict terms. Where, as here, the delay was of short duration and no prejudice was asserted by claimant, the reversal requested by claimant is unwarranted.

Affirmed.