Submitted on record and petitioner's brief October 6, affirmed November 15, 1976

## EMPLOYMENT DIVISION, *Petitioner,*
*v.*
## PARK et al, *Respondents.*
## (No. 76-AB-351, CA 6167)

556 P2d 149

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Rhidian M. M. Morgan, Assistant Attorney General, filed brief for petitioners.

No appearance for respondents, James A. Park and Agripac, Inc.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal by the administrator from a decision of the Employment Appeals Board holding claimant was entitled to unemployment benefits for the week ending December 6, 1975. The administrator and referee denied the claim and the Board reversed.

The issue is whether claimant's unavailability for work due to illness on one day of the week precludes him from unemployment benefits for the entire week.

The facts are not in dispute. Claimant worked for Agripac, Inc. as a forklift operator. Prior to the week at issue he had been laid off but was "on call" in the event Agripac had work for him. On December 1, 1975, the employer asked claimant to work the following day; however, he was ill and could not.[1] He was able to work every other day in that week, although the employer needed him only on December 2, 1975.

This appeal raises the issue of the Board's interpretation of ORS 657.155(1)(c).

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work. * * *"

The administrator argues a week is the unit of measurement for calculating benefits in the Unemployment Insurance Act and claimant's inability to work one day made him unavailable for the entire week.

The wording of ORS 657.155 and the statutory scheme of the Act are not enlightening as to the legislative intent on this precise point.

---

[1] Claimant received "sick Pay" benefits from Agripac equal to eight hours wages. This would not disqualify him from unemployment benefits. *See* ORS 657.150(6) and 657.125.

[ 397 ]

The statutory scheme of calculating benefits based upon the week as a unit recognizes certain exceptions to this time frame. ORS 657.150(6) allows benefits to an unemployed individual who works a part of the week. The remuneration is simply deducted from the calculated benefits for that week. ORS 657.100 which defines unemployment provides a person is unemployed "* * * in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * *" *See also* ORS 657.221(1).

This court has interpreted the "able and available" for work provision as requiring a person to be generally in the labor market to accept work during the times normal to their occupation. *York v. Morgan,* 16 Or App 76, 517 P2d 301 (1973); *von Poppenheim v. Morgan,* 9 Or App 495, 497 P2d 866 (1972); *Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972).

The Board found claimant was "[s]ufficiently available for and able to work during the week in question." The holding of the Board correctly construes ORS 657.155(1)(c).

The administrator argues we held in *York* and *von Poppenheim* that the Unemployment Insurance Act does not recognize part-time availability. We were in those cases construing the same provision of the Act that is at issue here. This summary of the decisions ignores the factual basis of the holdings. The claimants in those cases had set preconditions to their entry in the labor market and thus restricted their availability to the times they wished to work. In this case claimant is generally in the labor market available as necessary to work as a forklift operator. He imposed no preconditions to accepting employment. The fortuitous temporary illness which removed his availability for one day is little more than a human condition that may befall any worker.

The fact claimant was unable to work on the only day his employer needed him is of little significance in

this decision; although it may be evidence bearing on the question of availability. The criterion is his availability to work not whether he has rejected a proffered job. The question of availability is to be determined whether or not a job opportunity actually exists.

Affirmed.