TANZER, J.
This is a petition for review of an Employment Appeals Board (EAB) decision denying petitioner’s claim for unemployment compensation. The issue on appeal is whether the EAB erred in finding that petitioner was unavailable for work. Availability for work is an eligibility requirement under ORS 657.155(l)(c), post.
Petitioner was laid off from his job as a shovel-loader operator for D & M Logging Company on December 4, 1976. He was given a definite date of January 3, 1977 on which to return to work. He filed for unemployment compensation on December 7,1976; he was given forms to fill out and was directed to report back on December 23. On December 10 he left Oregon by car to visit relatives in Wisconsin. On the required date, he visited a local unemployment office in Wisconsin and filed a courtesy report which was sent to the Salem office of the Employment Division. He returned to Oregon on December 28 and resumed work as scheduled on January 3, 1977.
Petitioner was paid compensation for the time he remained in Oregon, but his claim for the time he was in Wisconsin was denied by the administrator of the Employment Division. He requested and was granted a hearing, at which he testified that other loggers on temporary layoff with definite return dates were not required to look for work in order to obtain benefits and that the only difference between his situation and theirs was that he went to Wisconsin for part of the layoff period. The Division did not dispute this testimony, and the referee concluded that there was no substantial difference between petitioner and other logger-claimants who received benefits without searching for work. The referee reversed the administrator’s decision and the Division appealed.
The EAB reinstated the denial of benefits. On de novo review, EAB found petitioner to be unavailable *[944] for work because he did not search for work in Wisconsin, would not have accepted work there, and did not maintain contact with his employer while he was in Wisconsin. There was no evidence to support the latter two findings. Petitioner informed EAB of this error by letter,[1] and after he filed his brief with this court, the EAB withdrew its order.
Upon reconsideration, the EAB modified its findings. It found that petitioner failed to prove that if he had received a call from his employer, he would have been able to return from Wisconsin in time to work for most of the week. The time needed to drive from Wisconsin to Oregon made him unavailable to work for his employer, the EAB reasoned, and it was therefore incumbent upon him to conduct an active search for work.
"* * * In addition to failing to present evidence he was in regular contact with his employer, the claimant has failed to present any evidence indicating he was in a position to return from Wisconsin had he received a call from his employer. The preponderance of the evidence leads us to a contrary conclusion. The claimant was traveling by automobile and was several thousand miles from his employer’s premises. Even assuming, for the sake of argument, claimant received a call to report immediately to work, a return trip to his employer’s premises by automobile would have taken several days. Thus the claimant would not have been available for a substantial portion of the week due simply to the distance between the claimant and his employer. The claimant assumed that during the seasonal layoff because of his 'on call’ status he did not have to conduct an *[945] active search for work. Had claimant in fact been on call in the sense he was in contact with his employer and able and available to return to work we would agree with the claimant. However, since the claimant did not present evidence to establish this status it was incumbent on the claimant to conduct an active work search to meet the requirements of ORS 657.155. During the weeks in issue the claimant did not conduct such a work search. * * *”
The eligibility statute has two applicable clauses: the "available for work” clause and the "actively seeking * * * work” clause. ORS 657.155(l)(c) provides:
"An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that:
* if: * *
"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work.”
The reasoning of the EAB order is based upon both clauses, that is, because petitioner had not proved that he was available for work (presumably with this employer), it was incumbent for him next to prove that he engaged in an active search for other work while in Wisconsin. Because of our disposition of the threshold "availability” issue, we do not reach the question of whether the Division may require claimants in petitioner’s situation to seek temporary employment for the period of the layoff or under what circumstances the Division may require a claimant to search for permanent employment with another employer or outside his usual field as a condition of eligibility for benefits.
 The purpose of the statutory requirement that claimants be available for work is to restrict benefits to those who are unequivocally attached to the labor market. Minniti v. Employment Division, 21 Or App 356, 535 P2d 99 (1975); York v. Morgan, 16 Or App 76, 517 P2d 301 (1973). Petitioner was available to return to work for his former employer, but left the area only because the employer told him there would be no work *[946] for him until January 3, 1977. In other words, his travel reflected the unavailability of the work rather than the unavailability of the worker. To require him to stay home to demonstrate his availability when his employer has instructed him that there would be no work for him until a day certain is to require a useless act with no apparent tendency to advance the legislative purpose. In the absence of a valid rule, the order of the EAB must rationally relate such a conclusion to the statutory purpose. McCann v. OLCC, 27 Or App 487, 556 P2d 973 (1976) rev den (1977). Neither rule nor reasoning exists here.[2] Since we conclude that petitioner was available for work within the meaning of ORS 657.155(l)(c), then by the EAB’s reasoning, he was not required to conduct an active search for work. We therefore reverse.
Reversed.

 Petitioner also stated in his letter that he had called his regular employer twice while he was in Wisconsin and could have returned within 36 hours of a call back to work. We do not consider this information, however, because we base our decision on the record made before the hearings referee. Mendelson v. Employment Division, 24 Or App 355, 545 P2d 610 rev den (1976). Nevertheless, this situation demonstrates the potential for error in any process where a superceding fact finder acts after the factual record is made. The danger is great that a de novo decision may be made upon facts which a claimant had no cause during the course of the hearing to know would someday become material and about which he neither gave evidence or was asked.

 OAR 471-30-070, allowing six weeks for a claimant to seek work in Ms customary and usual occupation before the division expects Mm to search for work in other fields, was repealed effective February 9, 1976.
We considered the effect of an informal policy upon similar facts in Anderson v. Employment Division, 24 Or App 503, 546 P2d 779 (1976). There, a logger on seasonal layoff with a defimte return date claimed benefits for time when he was in Arizona. His local Employment Division office had a practice of allowing employes on seasonal layoff to meet the requirement that they actively seek work by maintaining contact with their regular employer. The claimant there did maintain contact wMle he was in Arizona. We reversed the demal of benefits on the ground that the claimant had met the eligibility requirements as applied by the Division and that his presence in Oregon was not necessary to meet those requirements. CMef Judge Schwab, concurring, noted that we did not reach the broad question of eligibility requirements for workers on seasonal layoff because our decision rested on the narrow ground of the local office’s polity.