SHAFFER, *Petitioner,*
*v.*
EMPLOYMENT DIVISION, *Respondent.*
(No. 77-AB-911, CA 9046)
577 P2d 85

John R. Coutrakon, Brookings, argued the cause and filed the brief for petitioner.

Al J. Laue, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from an order of the Employment Appeals Board directing claimant to repay approximately $3,900 in unemployment compensation and disqualifying claimant for an additional 26 weeks of benefits. The Board found that claimant had failed to "report a material fact" as required by ORS 657.310(1)[1] in that claimant did not report work done by him and was not available for work. The Board concluded that claimant's failure to report his work was wilful and therefore imposed the maximum penalty permitted by law.[2]

Two issues are presented on appeal: (1) whether claimant made a false statement in failing to report work done during a period he claimed to be unemployed and (2) whether claimant was available for work. Our disposition of the case makes it unnecessary to consider whether claimant's conduct was wilful.

Claimant was previously employed as a research technician by Oregon State University at the school's research and development station for lily bulb growers in Harbor, Oregon. A major part of the funding for the research station was provided by the local bulb growers who utilized the services of the station. When problems arose between claimant and some of the contributing growers, claimant's employment was terminated on March 1, 1976, and claimant began receiving unemployment benefits on March 7, 1976. Claimant received unemployment compensation through December 18, 1976.

---

[1] ORS 657.310(1) provides:

"Any person who makes, or causes to be made, a false statement or representation of, or fails to disclose, a material fact, and as a result thereof has received any amount as benefits under this chapter to which he was not entitled shall, irrespective of his knowledge or intent, if the existence of such nondisclosure or misrepresentation has been found in connection with a decision which was made and has become final pursuant to this chapter, be liable to repay such amount to the assistant director for the fund or to have such amount deducted from any future benefits payable to him under this chapter."

[2] The referee found claimant to be unemployed and available for work, and thereby entitled to the unemployment benefits he received.

After leaving the research station, claimant sought employment in the lily bulb industry suitable to his job classification, as a biologist, greenhouseman, or general farm and field manager. During this period of unemployment claimant would visit his wife's small lily bulb farm occasionally and assist her. He also made purchases for the farm at the local supply store. He received no remuneration, however, nor did he share in the profits of the farm, which his wife ran in partnership with another woman. Claimant also spent part of his spare time assisting his replacement, Lee Riddle, at the research station. During the spring and summer this amounted to approximately five to eight hours per week and during fall harvest approximately 12 hours per week. Claimant was not paid for this work, and his stated purpose was to make the transition easier for Riddle. Riddle testified that he came to the job with no practical training and none was provided by his employer, so he called upon claimant for assistance.[3]

## FALSE STATEMENT OF MATERIAL FACT

The Board concluded that claimant, in filling out his weekly claim forms, had falsely stated that he had done no work during the previous week when, in fact, he had spent some time at the research station and his wife's farm. The claim forms included the following pertinent items:

"ITEM 1—You must *report ANY work* performed during the week for which you are reporting, *regardless of when you get your pay.* Work you do for board and room, commission sales, tips, credit on a bill, or as self-employment on your own farm or business must also be reported.

"* * * * *

---

[3]When assistance was required Riddle testified, he would go to get claimant. He stated that claimant was rarely at his wife's farm, but was most often found at home.

"ITEM 9—*If you began working* after the week-ending date shown on the claim form, *enter* the date you began work and the name and address of *the employer.*

"ITEM 10—Complete only if item 1 is answered 'Yes'.

    "A. Enter the total number of hours you worked in the week.

    "B. Enter the total amount of your *earnings* for the week. This amount must be shown as your *total paid or payable wages* for the week before any deduction is made.

    "C. Enter the name and address of the individual or company for whom you worked during the week. * * *" (Emphasis supplied.)

The clear import of these instructions is that a claimant is to report any work for which *income in some form is received.* When requiring a claimant to report *any* work the instructions are qualified by the phrase "regardless of when you get your pay." Further, the enumeration of work to be reported refers solely to income-producing activity. This plain reading of the instructions is consistent with the obvious purpose of the questions on the form, namely, to ascertain the amount of income, if any, received by a claimant so as to enable the Employment Division to reduce the unemployment benefits accordingly.

■ Here claimant may have "worked," in the broadest sense of the word, during the period he received unemployment compensation. However, he received no remuneration whatsoever for his efforts. It is unreasonable for the Division to go beyond the scope of the context in which the questions were asked to later recover benefits based upon criteria and standards of greater breadth than submitted to the claimant. We conclude, therefore, that claimant did not make a false statement of a material fact when he reported that he had not performed any work for the weeks in question.

## AVAILABILITY FOR WORK

ORS 657.155(1)(c) provides that a claimant shall be eligible for unemployment benefits only if he or she "is able to work, is available for work, and is actively seeking and unable to obtain suitable work." There is no dispute that claimant was actively seeking employment. The Board concluded, however, that claimant's activities at the research station and his wife's farm rendered him unavailable for work.

To be "able and available" for work, a person is required to be generally in the labor market to accept work during the times normal to their occupation. *Employment Division v. Park,* 27 Or App 395, 398, 556 P2d 149 (1976). In the instant case the claimant testified unequivocally that he would accept suitable work, and there was no indication that he would place restrictions on hours, pay or working conditions not the usual practice in his occupation. *Cf., Callaghan v. Morgan,* 9 Or App 116, 496 P2d 55 (1972). His sole purpose at the station was to assist his replacement in making the transition. His assistance to his wife was minimal. Neither activity financially benefited the claimant nor unduly restricted his time. Further, the evidence is clear that claimant was actively seeking employment and rejected no offers. The record is devoid of any evidence showing that claimant's activities rendered him unavailable for work. We conclude that there was not substantial evidence to support the Board's conclusion that claimant was not available for work as required by ORS 657.155.

Reversed.