Argued February 24, affirmed May 8, 1978

GILLETTE, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 77-S-2223, CA 9109)

577 P2d 1357

Milo Pope, Milton-Freewater, argued the cause and filed the brief for petitioner.

No appearance for respondent Employment Division, Ross Morgan, Administrator.

No appearance for respondent Walla Walla Rogers, Inc.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Claimant appeals from a decision of the Employment Appeals Board (Board) disqualifying her from receiving unemployment compensation benefits for the reason that she failed to accept an offer of suitable work. ORS 657.176.

Claimant, aged 61, had been employed as a registered nurse for 25 or 30 years. She was terminated by her last employer on February 10, 1977. At that time her rate of pay was $5.40 per hour. Claimant had never worked longer than an eight-hour shift as a registered nurse. She suffers from hypertension. She cannot drive an automobile. On May 18, 1977, claimant was offered a choice of two positions with a cannery which was located two blocks from her home. Both positions involved duties as an industrial first-aid nurse, and both required eleven-hour shifts compensable at $4.05 per hour. One involved working five shifts per week from 7 p.m. to 6 a.m. the following day; the other required working two day and two night shifts per week. Claimant refused both jobs on the grounds that, due to both the wage rate and the number of hours required per shift, the work offered was unsuitable. The referee agreed with her on the ground that "an 11-hour shift is not normal in the nursing profession as the claimant's own experience in the field would demonstrate." The Board reversed, and since there is evidence to support the Board's findings, we affirm.

The relevant findings and conclusions of the Board on the wage-rate issue are:

"FINDINGS OF FACT: * * *

"(11) At the time of the hearing before the referee, this employer had three registered nurses employed at the rate of $4.05 an hour working the 11 hour shifts. (12) This rate of pay was established by the personnel manager for the employer who had 15 years' experience and had surveyed the other canneries in the area to establish the pay rate. (13) The claimant had never

worked more than an 8 hour shift as a registered nurse and did not feel she should be expected to work more than 8 hours per shift. (14) The employer's cannery was located 2 blocks from the claimant's home.

"CONCLUSION AND REASONS: We do not agree with the decision of the referee that the claimant is not subject to disqualification under ORS 657.176(2)(e). The two primary factors considered by the claimant for refusing this work were the rate of pay and the hours required. At the time of the hearing before the referee, the claimant had been unemployed for approximately 24 weeks. Prior to that time she had been working for $5.40 an hour as a registered nurse in a nursing home. The only evidence before us regarding the rate of pay is that introduced by the employer's personnel manager who had been in the field 15 years and had set this rate of pay after surveying the other canneries in the area. Therefore, it is our finding that the rate of $4.05 an hour does not render the work unsuitable as it has not been established that this was substantially below the prevailing rate of pay for that work in the labor market area. Nor do we find the rate of pay rendered the work unsuitable, taking into consideration the claimant's length of unemployment."

We cannot say that the Board erred as a matter of law in holding that it was reasonable to require claimant to work an eleven-hour shift as a first-aid nurse. Her testimony that she had never worked longer than eight hours at a time as a registered nurse and could not do so primarily because of her age is not relevant absent a showing that the duties of a first-aid nurse which, common knowledge tells us, is in substantial part standby time, are as demanding as the duties of a registered nurse caring for the infirm. Nor did claimant present any evidence as to what the demands on her would have been during the eleven-hour shift that were unreasonable for a person of her age and physical condition.

What we said in *York v. Morgan,* 16 Or App 76, 517 P2d 301 (1973), where we affirmed the Board's denial of compensation to a 65-year-old nurse who refused to

accept night work, is applicable with regard to length of shift barring proof that the demands of the work are generally unreasonable or unreasonable insofar as a particular individual is concerned:

"* * * Unemployment compensation is designed to ease the burden of those who are generally available in the labor market but for whom no suitable gainful employment is available. It was not created to ease the burden of those who for one reason or another are not generally available * * *" 16 Or App at 79.

Affirmed.