■ In the Matter of the Claim of MARY L. McEVOY, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 1981, which held claimant eligible for benefits. Claimant was employed as acting supervisor in the employer's Niagara Falls office for some 13 years. The mother of four minor children, claimant worked the 5:30 P.M. to 11:30 P.M. evening shift, essentially to accommodate her family schedule. Her husband worked days and was able to attend to the children at night. In 1979, claimant was advised that the Niagara Falls office would soon be closed and was offered a transfer to the employer's Buffalo, Amherst, or Olean offices. She refused the transfer because there was no guarantee she would be able to continue work on the night shift. It is clear that the day shift did not present a viable option for claimant due to the difficulties and prohibitive cost of procuring appropriate care for her minor children. Claimant resigned effective August 7, 1980. The board held her eligible for benefits from which decision the employer has appealed. Whether a claimant had good cause for voluntarily leaving employment presents a question of fact for resolution by the board, and its determination, if supported by substantial evidence, will not be disturbed (*Matter of Stark [Ross]*, 66 AD2d 942). It is clear that an employee's preference for particular hours of employment, in the absence of truly compelling circumstances, does not constitute good cause for leaving employment (*Matter of Nonnon [Ross]*, 74 AD2d 943). In our view, claimant established sufficiently compelling reasons for not accepting the job relocation (*Matter of Busch [Levine]*, 51 AD2d 618; *Matter of Fleischmann [Rochester Gen. Hosp. — Levine]*, 43 AD2d 624). The record demonstrates that claimant attempted to find suitable day care for her children and that the programs available were cost prohibitive. It is also clear that at no time did the employer guarantee employment on the night shift. Nor would the employer's subsequent offer of re-employment, which included only two days per week, have

necessarily alleviated the burden on claimant's family. The evidence in this record confirms that claimant's refusal to relocate was not for purely personal noncompelling reasons, but was necessitated by her domestic obligations. This is not an instance where claimant's assistance was required only on an occasional basis and could be furnished by others (see *Matter of Imre [Catherwood]*, 27 AD2d 970), or where claimant's excuse was trivial in nature (see *Matter of Weiss [Catherwood]*, 26 AD2d 851). In our view, the board's determination is supported by substantial evidence and should not be disturbed. We do not find persuasive the employer's further contention that the board failed to consider all the issues, specifically the refusal of re-employment and availability for employment. The board clearly stated that it reviewed the entire record in reaching a determination and the employer concedes that both issues were fully litigated below. Moreover, the true issue is the basis for claimant's termination of employment. Accordingly, it is unnecessary to remand the matter for further clarification (cf. *Matter of Asserson [Catherwood]*, 25 AD2d 895). Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.