■ In the Matter of the Claim of FERNANDO MONTALVO, Respondent. NEW YORK CITY POLICE DEPARTMENT, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 1983, which ruled that claimant was entitled to receive benefits.

Claimant resigned his position with the New York City Police Department on January 28, 1983. He had been appointed to the position of police officer only 25 days earlier. Claimant's application for unemployment insurance benefits was denied on the basis that he had quit his job without just cause. An administrative law judge held in claimant's favor and the Board affirmed. This appeal by the employer ensued.

Claimant had served as a civilian employee with the New York City Police Department for approximately 10 years prior to his appointment as a police officer. In his prior capacity, he regularly worked the midnight to 8:00 A.M. shift. Claimant joined the police force in January of 1983 and commenced a six-month training course. He testified that he did not get along well with the other recruits and felt that he would probably be discharged. He found the physical aspect of the job was more than he could cope with. In addition, claimant had autistic children and the hours of his employment were such that he was unable to spend the required time with them. Because of this, his relationship with his wife became strained. Claimant's record indicates that he was most indecisive and, following the advice of an officer at the police academy, he reapplied for his job. He considered reinstatement to his prior civilian position but apparently was unable to be reinstated. The administrative law judge found that claimant resigned from his job as a result of conditions beyond his control and due to a situation with which he could not cope, and that these were compelling reasons at that time.

Whether a claimant has good cause for voluntarily leaving employment is a question of fact for resolution by the Board which will not be disturbed if supported by substantial evidence (*Matter of McEvoy [New York Tel. Co. — Roberts]*, 89 AD2d 1049). From the totality of the evidence in this case, we find that there was a rational basis for concluding that claimant physically and emotionally could not cope with the responsibilities of his new position. Substantial evidence in the record supports the Board's decision.

Decision affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.