Argued and submitted April 22, affirmed December 4, 1985, reconsideration denied
January 31, petition for review denied March 25, 1986 (300 Or 704)

DOCTOR,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-1023; CA A32624)

711 P2d 159

David L. Slansky, Oregon Legal Aid Services Corp., argued the cause for petitioner. With him on the brief was Marilyn Lindgren, McMinnville.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Chehalem Care Center.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals from a final order of the Employment Appeals Board (EAB) affirming the referee's decision, which denied petitioner unemployment benefits on the ground that she was not "available for work." We affirm.

The issue is the sufficiency of the evidence to support the referee's conclusion that claimant was not available for work. The facts are not in dispute. Claimant is an experienced registered nurse who last worked at a local hospital in McMinnville and left under non-disqualifying circumstances. On March 29, 1984, she was offered a full-time position with Chehalem Care Center, a Newburg nursing home, working swing shift (3 p.m. to 11 p.m.). She refused the position solely because of the shift offered. She is a single parent with a 14-year-old child. She is unwilling to work swing shift on week days, because it would prevent her being available to the child after school.

The referee found that claimant had "good cause" to refuse to accept suitable work when offered and, therefore, was not disqualified from benefits because of the job refusal. However, the referee also found that nurses traditionally have to be available for work on all three shifts and concluded that, because claimant was not willing to work full time during all of the usual hours and days of the week customary for the work being sought, she was not "available for work." The referee held, therefore, that claimant was ineligible for benefits during the weeks at issue. EAB adopted the referee's decision and affirmed.

ORS 657.155(1)(c) provides:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:

"* * * * *

"(c) He is able to work, is available for work, and is actively seeking and unable to obtain suitable work * * *."

■ "Available for work" is a term that the Division, as opposed to the judiciary, has authority to define. *Oliver v. Employment Division,* 40 Or App 487, 492, 595 P2d 1252 (1979). The Division did so in OAR 471-30-036, which provides:

"(3)   For the purposes of determining whether or not an individual is available under the provisions of ORS 657.155(1)(c), the Administrator shall require at a minimum that the individual:

"(a)   Be willing to work full time during all of the usual hours and days of the week customary for the work being sought pursuant to section (1) of this rule."

The function of the court is to determine whether, in defining the delegative term, the agency has acted within the range of discretion allowed by the general policy of the statute. *Springfield Education Ass'n v. School Dist.*, 290 Or 217, 229, 621 P2d 547 (1980). We found in *Minton v. Employment Division*, 57 Or App 348, 352, 644 P2d 632 (1982), that the Division had acted within its discretion in promulgating OAR 471-30-036. Therefore, our review is limited to whether EAB's order is supported by substantial evidence. ORS 183.482(8)(c).

■   There was substantial evidence supporting the conclusion that claimant was not "available for work" under OAR 471-30-036. The evidence is that nurses traditionally have had to be available for all shifts; claimant was not available for swing shift.

■   Claimant argues that the Division's failure to include a good cause exemption in its definition of the "available for work" term of ORS 657.155(1)(c) creates a conflict between that statute and ORS 657.176(2)(e),[1] which disqualifies individuals who fail *without good cause* to accept suitable work when offered. The legislature expressly included a good cause exemption. However, it did not include such an exemption in ORS 657.155(1)(c). If the legislature had wished to require a

---

[1] ORS 657.176(2)(e) provides:

"An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment subject to this chapter, or for an employing unit in this or any other state or Canada or as an employe of the Federal Government, for which remuneration is received which equals or exceeds four times the individual's weekly benefit amount subsequent to the week in which the act causing the disqualification occurred, if the authorized representative designated by the assistant director finds that the individual:

"* * * * *

"(e)   failed without good cause to accept suitable work when offered."

good cause exemption under ORS 657.155(1)(c), it could have included it in the statute.

There is no conflict between the two statutory provisions as defined by the Division. ORS 657.155 is an eligibility section; ORS 657.176 is a disqualification section. The unemployment law provides substitute income for any *eligible* unemployed person *unless the person is disqualified* for one of the reasons provided in the statute. *McPherson v. Employment Division,* 285 Or 541, 543, 591 P2d 1381 (1979). The first determination is whether an individual is eligible. If she is ineligible, there is no reason to inquire as to whether or not she has been disqualified and, therefore, no conflict. This interpretation is consistent with our opinion in *Mallon v. Emp. Div.,* 41 Or App 479, 483, 599 P2d 1164 (1979), where we stated that "we should eschew narrow interpretations which would disqualify *otherwise eligible* unemployed persons." (Emphasis supplied.)

Furthermore, even when looking at the statutes together, there is no necessary conflict. The statutes need not have precisely the same scope. A disqualification determination is harsher for the individual than a declaration of ineligibility. The former carries into the future and denies benefits until the individual has been employed and received remuneration at least equal to four times the individual's weekly benefit amount. ORS 657.176(2). In addition, a disqualified claimant's maximum benefit amount will be reduced by eight times the claimant's weekly benefits amount. ORS 657.176(4). The good cause exemption protects individuals from the severity of these sanctions.

Conversely, eligibility is determined on a weekly basis and does not carry forward into the future. *See* ORS 657.155. In this case, if claimant agreed to work any shift offered in the future and the Administrator found her credible and available for work, she would become eligible for benefits (assuming that she is otherwise eligible).

We have held that nurses who restrict their availability are not generally available for work and therefore are ineligible for benefits. *See Gillette v. Employment Division,* 34 Or App 53, 577 P2d 1357 (1978); *York v. Morgan,* 16 Or App 76, 517 P2d 301 (1973). Although we appreciate the harshness of the result for nurses who decline suitable work and restrict

their hours for good cause, we cannot change the result which the statute and the rule dictate. Any remedy lies with the legislature or the Division.

Affirmed.