MISSISSIPPI EMPLOYMENT SECURITY
COMMISSION *v.* BLASINGAME.

No. 41289          December 7, 1959          116 So. 2d 213

746

*Gordon L. Smith,* Jackson, for appellant.

*Carter & Van Every,* Columbus, for appellee.

GILLESPIE, J.

This is an appeal from a judgment of the circuit court reversing an order of the Board of Review of the Mississippi Employment Security Commission denying appellee unemployment benefits. Appellee's claim was denied by a claims examiner for the Mississippi Employment Security Commission. Appellee filed application for reconsideration and her claim was again disallowed upon reconsideration by a claims examiner. Appellee then appealed to the Board of Review and the appeal was referred to the appeals referee, and a hearing was had after due notice and the referee denied the claim. Appellee then appealed to the Board of Review as provided by Section 7384, Mississippi Code of 1942, as amended. The Board of Review adopted the finding of facts made by the referee, and on the whole record held that appellee was not available for work and was not entitled to benefits. Appellee then appealed to the circuit court where the order of the Board of Review was reversed and unemployment benefits ordered paid to appellee. The Commission appealed to this Court.

The scope of review by the courts on an appeal from an order of the Board of Review is set out in the statute. Section 7388, Mississippi Code of 1942, as amended, reads in part as follows: "In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law." The legislature has clearly provided that judicial review of decisions of the Board of Review shall be confined to questions of law.

The question is whether the order of the Board of Review denying benefits to appellee is supported by evidence.

Appellee filed her claim for benefits on May 17, 1957, and stated therein that she was separated from work

on May 15, 1957, because of the lack of work. The facts are stated as developed in the various administrative steps.

Appellee is a seasonal worker and had been employed for five winters, from fall to spring, as a root-wrapper at a nursery in Columbus. Ordinarily she worked from about September to May during the nursery shipping season. When she was separated from work on May 15, 1957, it was her intention to return to work at the nursery in the fall. Appellee lives some distance from Columbus. In her initial interview by the employment interviewer for the Commission at the Columbus local office, appellee stated she had transportation to and from Columbus only for the period 7:00 A.M. to 4:30 P.M., and that she had only applied for work at Fairview Grocery, which opened at 8:00 A.M. and closed at 6:00 P.M. She stated that she would not be available for work except during the hours for which she had transportation, as above stated; that she would not accept work for less than $1.05 per hour; that she was willing to accept work as sales clerk but she had no experience in that work, and the interviewer stated that $1.05 per hour was believed to be in excess of the prevailing rate for sales clerks. The claims examiner found that appellee had no experience that would enable her to find work at $1.05 per hour. Subsequently, sometime after claim had been made and disallowed, appellee made application for work at two other places but obtained no employment. During the five years appellee had worked from about September to May at the nursery she has not worked during the off season. Subsequent to the first administrative disallowance of her claim, she stated she would work for $1.00 per hour, and stated she could work during hours 7:00 A.M. to 5:00 P.M., and could arrange proper transportation. The Board of Review, in denying the claim, held that appellee was not available for work.

To be entitled to benefits, an unemployed individual must be "available for work." One who limits his availability for employment to work on a specific shift is not entitled to benefits because he is not exposed unequivocably to the labor market unless willing and able to accept employment that he is qualified to perform. Ford Motor Co. v. Unemployment Compensation Commission, 316 Mich. 468, 25 N. W. 2d 586. The words "available for work" imply that in order that an unemployed individual be entitled to benefits he must be willing to accept any suitable work which may be offered him without attaching thereto restrictions or conditions not usual or customary in that occupation, but which he may desire because of his particular needs or circumstances. Unemployment Compensation Commission v. Tomko, 192 Va. 463, 65 S. E. 2d 524. The burden is upon the unemployed individual to show the required conditions have been met entitling him to benefits. Department of Industrial Relations v. Tomlinson, 251 Ala. 144, 36 So. 2d 496. It has been held that the test of availability is subjective in nature and must depend in part on the facts and circumstances of each case. A factor to be considered is claimant's mental attitude, that is, whether he wants to go to work or is content to remain idle. See cases cited in Florida Industrial Commission, Unemployment Compensation Division v. Ciarlanta, 84 So. 2d 1 (Fla.). In the latter case, the Florida Court was considering a case where the claimant worked for a number of years during the winter and remained unemployed the remaining part of the year. In that case, the claimant made applications for work only after the litigation for benefits had begun. The claimant also limited her availability for work. The Florida Court stated that it did not hold that seasonal workers are per se ineligible for unemployment compensation, but stated that the act was not intended to provide a vaca-

tion with pay for a seasonable worker. Under the circumstances of that case, which are very similar to the instant case, the Florida Court held that a finding that claimant was available for work would not be justified.

██ ██ From all the facts revealed by the record, and the permissible inferences that may be deduced therefrom, the Board of Review was justified in basing its decision that appellee was not available for work on the grounds that appellee restricted her availability for work as to hours and pay, had made only nominal efforts to obtain work, was satisfied to work only a part of each year, and was not unequivocally exposed to the labor market.

██ ██ We cannot say that the finding of the Board of Review that appellee was not available for work is not supported by evidence. Therefore, the reversal of the order of the Board of Review by the circuit court was error. Accordingly, we reverse the judgment of the circuit court and reinstate the order of the Board of Review which denied the claim.

Reversed and order of the Board of Review reinstated.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.