SMITH, Presiding Justice, for the Court:
This appeal is taken from the Circuit Court of Adams County. That court reversed a decision by the Mississippi Employment Security Commission Appeals Referee, affirmed by the Board of Review, which found that Swilley was disqualified from receiving unemployment insurance benefits.
In April, 1980, the Armstrong Rubber Company terminated Swilley’s employment, and Swilley began to receive unemployment insurance benefits. In August, 1980, pursuant to a collective bargaining agreement wherein senior employees were notified that work was available before junior employees, Armstrong notified Swilley that he could resume employment. However, the available employment was at salary level VIII, instead of salary level IX; the level at which Swilley was employed when he was dismissed in April, 1980. For that reason Swilley declined to return to work at Armstrong, and a junior employee took the position.
Swilley testified that since he had been laid off he had made several job contacts; however, he had not secured employment since he refused to work for a salary of less than $10 per hour, the compensation he had received prior to his April, 1980 termination of employment.
The Mississippi Employment Security Commission Appeals Referee found that *62 Swilley’s refusal to return to work at Armstrong, and refusal to accept work for less than $10 per hour, disqualified him from receiving unemployment insurance benefits. Swilley was considered not qualified since he had not made himself available for work as required by Mississippi Code Annotated section 71-5-511 (Supp.1981).
In Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 749, 116 So.2d 213, 215 (1959), this Court said:
That words ‘available for work’ imply that in order that an unemployed individual be entitled to benefits he must be willing to accept any suitable work which may be offered him without attaching thereto restrictions or conditions not usual or customary in that occupation, but which he may desire because of his particular needs or circumstances. . . . The burden is upon the unemployed individual to show the required conditions have been met entitling him to benefits....
Although the test of availability is subjective and must depend on the facts and circumstances of each case, it is clear in the present case that Swilley did not show he was entitled to benefits. His refusal to work at Armstrong for a lower salary, or anywhere for less than $10 per hour, did not justify his refusal to return to work. Therefore, we find that Swilley was not available for work within the meaning of Mississippi Code Annotated section 71-5-511 (Supp.1981). The judgment appealed from is reversed and the decision of the Mississippi Employment Security Commission Board of Review and Appeals Referee is reinstated,
REVERSED AND DECREE OF MISSISSIPPI EMPLOYMENT SECURITY COMMISSION REINSTATED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.
BOWLING, J., takes no part.