ROY NOBLE LEE, Justice,
for the Court:
The Circuit Court of Jackson County, Honorable Clinton E. Lockard, presiding, entered a judgment on December 11, 1981, which reversed an order of the Mississippi Employment Security Commission denying *208unemployment benefits to Horace E. McLeod. The court ordered payment of such benefits, and the Mississippi Employment Security Commission has appealed here.
The sole question presented is whether or not the lower court erred in granting unemployment benefits and in its interpretation of availability as stated in the Mississippi statute.
The evidence is undisputed in the case. Appellee is married, and has one child. He began work as a laborer with Quaker Oats Company in Pascagoula, Mississippi, on December 5, 1975, and on July 2, 1981, he was laid off due to a plant-wide cutback. At that time, he was working the second shift, 2:30 to 10:30 p. m., forty (40) hours per week, plus overtime at six dollars twenty-five cents ($6.25) per hour. On July 6,1981, appellee filed a claim for unemployment benefits. He was interviewed during investigation of the claim, on July 14, 1981, and gave the following statement to the claims examiner:
I am attending school at Jackson County Jr. College, 5 days a week 8 A.M. until 2 P.M. Diesel Mechanic Vocational School. V. A. Training. I would quit school if I found a job. I could work any second shift and attend school. I started school 3-16-81 will finish 11-82. I am receiving $464.00 per month VA school benefits.
On July 24,1981, appellant notified appel-lee that his claim for benefits had been disallowed. The decision was appealed by appellee to a claims referee where the same facts were recorded, and appellee testified that he was available for work and would quit school if classes interfered with his work. The claims examiner made the following finding of fact and rendered the opinion and decision pursuant thereto:
FINDINGS OF FACT: Claimant was employed as a diesel machinists by Quaker Oats Company, Pascagoula, Mississippi from December 5, 1975, to July 2, 1981, when he was laid-off due to lack of work. Since March 6, 1981, claimant had been a full-time student at Jackson County Junior College, enrolled under G.I. course, and attending school from 8:00 A.M., to 2:00 P.M., Monday through Friday each week.
On August 3, 1981, claimant was called back to work by his former employer and is working from 2:30 P.M. to 10:30 P.M., five days per week, while he is still attending school full-time.
Claimant advises that if his school attendance should interfere with his work, he will quit school.
OPINION: Section 71-5-511(c) of the Mississippi Employment Security Law provides that an individual to be eligible for benefits in any week, must be able to work and available for work. The availability requirements are interpreted to mean that the individual must be genuinely attached to the labor market, ready and willing to accept any suitable work, and that his chances of obtaining work must not be unduly restricted.
In this case, claimant is a full-time student and is considered prima facial evidence of his non-availability for work. It is the opinion of the Referee, in this case, that claimant is not available for work as that term is used in the law. The determination of the Claims Examiner is in order.
DECISION: Affirmed. Claimant’s initial claim effective July 5, 1981, is disallowed due to non-availability.
Appellee then appealed to the Mississippi Employment Commission Board of Review which affirmed the decision of the referee on October 15,1981. Thereafter, he appealed to the Circuit Court of Jackson County, which entered the following judgment on December 11, 1981:
1. The finding of fact by the Referee and adopted by the “Commission” that the Claimant, Horace E. McLeod, SS# 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, was employed as a diesel machinist by Quaker Oats Company, Pascagoula, Mississippi, from December 5, 1975 to July 2, 1981, when he was laid off due to lack of work and rehired August 3, 1981, and that said Claimant was attending Jackson County Junior College since March 16, 1981, as a full-*209time student, but would quit school if it interfered with his work (obtaining a job) is uncontested and supported by the testimony and evidence.
2. The conclusion of law by the Referee and adopted by the Commission that, under Section 71-5-511(c) of the Mississippi Code of 1972, a full-time student is not available for work, per se, is erroneous and said claim should not have been denied until Claimant was disqualified under the provisions of Section 71-5-513(4) or otherwise disqualified.
NOW, THEREFORE, the Order of the Mississippi Employment Security Commission is reversed and the Claimant, Horace E. McLeod, is hereby held to be entitled to unemployment benefits from and after July 2,1981, when he was “laid off” through the week of August 3, 1981, when he was rehired.
The question here is one of first impression in this state. For decision is the interpretation of Mississippi Code Annotated Section 71-5-511(c) (Supp.1981) insofar as it pertains to a college student, and particularly the requirement “he is available to work and available for work.”
The appellant contends that since appel-lee is a student attending school from 8:00 a. m. to 2:00 p. m., he is prima facie unavailable for work and that attending school is his prime interest rather than employment. Although uncontradicted, appellant apparently has rejected the repeated statement of appellee that his employment was his chief concern and that he would terminate his schooling rather than permit it to interfere with his occupation. In Mills v. Miss. Employment Security Commission, 228 Miss. 789, 89 So.2d 727 (1956), which involved a union member’s refusal to go back to work for less than union scale wages, holding that the employee was not available for work and denying him benefits, this Court cited Dwyer v. Appeals Board of Michigan Unemployment Compensation Comm’n., 321 Mich. 178, 32 N.W.2d 434 (1948), and quoted the following:
“The basic purpose of the requirement that a claimant must be available for work to be eligible for benefits is to provide a test by which it can be determined whether or not the claimant is actually and currently attached to the labor market. To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, i.e., he must be desirous to obtain employment, and must be willing and ready to work. Such is the rule in other jurisdictions. See Reger v. Administrator of Unemployment Comp. Act, 132 Conn. 647, 46 A.2d 844; Hunter v. Miller, 148 Neb. 402, 27 N.W.2d 638, and see also, Ford Motor Co. v. Unemployment Comp. Com., 316 Mich. 468, 25 N.W.2d 586, 588, in which we held that a claimant who limited her availability for employment to work on a specific shift was not eligible for benefits, saying, ‘one may not be regarded as exposed unequivocally to the labor market unless willing and able to accept employment that he is qualified to perform.’ ” [228 Miss. at 797, 89 So.2d at 729],
See also Mississippi Employment Security Commission v. Swilley, 408 So.2d 61 (Miss. 1982), which denied benefits to the employee, who refused to work for an employer anywhere at less than ten dollars ($10.00) per hour. The Court also held in Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959), that an employee was not available for work only at certain hours during which he had transportation to and from work in that the employee was not “unequivocally exposed to the labor market,” having restricted her hours and making only nominal efforts to obtain work. With reference to the specific question involved here, 81 C.J.S. Social Security § 259 (1972) states the following:
Students. Attendance at school may make a claimant unavailable for work, particularly where restrictions and conditions are placed on his availability for employment in order that he may continue his education, as discussed infra § 250. On the other hand, a claimant may further his education while unemployed and still receive benefits so long as he meets *210the requirements for eligibility and the tests for availability. Accordingly, a claimant cannot be denied unemployment benefits merely on the basis that he is a full-time student, and under such circumstances, he may be eligible for benefits where his primary goal is to obtain employment Statutory provisions specifically governing the eligibility of students to receive unemployment benefits are limited to cases coming within their scope, and various factors may be considered in determining the eligibility of unemployed persons undergoing vocational training. (Emphasis added)
Also, in a discussion on students’ school attendance, 76 Am.Jur.2d Unemployment Compensation § 73 (1975) sets forth:
A claimant who voluntarily resigns his position, and renders himself unavailable for full-time employment, in order to enter college, is held not entitled to compensation benefits. Thus, a claimant cannot attend school and collect unemployment compensation at the same time unless he can successfully show that he would quit school if necessary to accept a job. However, the contention that the claimant could arrange his schedule around employment has been rejected on the ground that it would be impossible to arrange schooling around a job requiring the employee to work a rotating shift. Furthermore, it has been held that the asserted willingness of the claimant to quit school if necessary in order to accept employment need not be accepted by the trier of facts.
On the other hand, where an applicant has completed his studies and has again become available for employment, he is to be treated as any other applicant. And under the terms of a particular statute, it has been held that a part-time worker and full-time college student need not be available for full-time employment to be eligible for benefits. (Emphasis added)
Cases from other jurisdictions holding that a student employee is entitled to benefits are: Hansen v. Continental Can Co., 301 Minn. 185, 221 N.W.2d 670 (1974) (awarding benefits); Petro v. Employment Division, Department of Human Resources, 32 Or.App. 17, 573 P.2d 1250 (1977) (remanding for failure to make finding of fact); Patronas v. Unemployment Compensation Board of Review, 5 Pa.Comm. 491, 291 A.2d 118 (1972) (awarding benefits).
In Hansen v. Continental Can Co., supra, a claimant was involuntarily laid off his 4:00 p. m. to 12:30 a. m. second shift job. Claimant began his senior year shortly after he was laid off, but at no time were his classes scheduled past 12:00 noon. The Court held that he was able to be a full-time employee at Continental Can even though he was a full-time student and was entitled to unemployment benefits.
Wiley v. Unemployment Compensation Board of Review, 195 Pa.Super. 256, 171 A.2d 810 (1961), is similar on the facts to the case sub judice. Wiley was an unemployed family man who had been both in full-time employment or either full-time or part-time in college during the same period. The Court held that in the absence of proof that Wiley refused suitable employment, he should not be denied benefits and that he did not fall into the category of an ordinary college student whose primary purpose was to obtain an education and who was available for work only conditionally or on a limited basis.
Claims involving this question necessarily must be considered on a case-by-case basis. Appellee here worked as a diesel machinist for his employer over a period of six (6) years. When laid off because of a cutback in operations by his employer, through no fault of his own, he attended diesel mechanical school, apparently in an effort to improve his skill, which, in turn, would be beneficial to his employer once he resumed work. Without dispute, he would terminate his schooling and work on whatever shift the employer required without limitation or restriction. He is to be commended, and not criticized or penalized, for being industrious and ambitious rather than idle and lazy. We are of the opinion that appellee was available to, and for, work within the meaning of Section 71-5-511(c), and that *211he is entitled to unemployment benefits and that the judgment of the lower court should be affirmed.
AFFIRMED.
PATTERSON, C. J., SUGG, P. J., and WALKER, BROOM, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.
BOWLING, J., took no part.