# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1998-CC-01730-COA

**LISA A. MICKLE**                                                        **APPELLANT**

**v.**

**MISSISSIPPI EMPLOYMENT SECURITY COMMISSION**                **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/1998 |
| TRIAL JUDGE: | HON. RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL ADELMAN |
| ATTORNEYS FOR APPELLEES: | MARK D. RAY |
| | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | CIRCUIT COURT AFFIRMED DENIAL OF UNEMPLOYMENT BENEFITS. |
| DISPOSITION: | AFFIRMED - 09/28/1999 |
| MOTION FOR REHEARING FILED: | 10/04/99; denied 11/30/99 |
| CERTIORARI FILED: | ; granted 3/9/2000 |
| MANDATE ISSUED: | |

EN BANC.

LEE, J., FOR THE COURT:

¶1. Lisa A. Mickle appeals from a judgment of the Forrest County Circuit Court upholding the denial of unemployment benefits after pursuing the predictable path through the levels of appeal within the Mississippi Employment Security Commission (MESC) which found that she failed to prove that she was able to accept suitable work pursuant to Mississippi Code Annotated, section 71-5-511 (c), as amended. We conclude that the findings of fact made by the Board of Review of the MESC were supported by substantial evidence. We also determine that the Board correctly applied the law to the facts in reaching its determination. We, therefore, affirm the holding of the Forrest County Circuit Court.

## FACTS

¶2. Lisa A. Mickle, the appellant, was employed with One Price Clothing from November 17, 1996, until she was discharged on January 25, 1998. On October 17, 1997, she fell into a water meter hole while she was at work and injured her back. She was treated by Dr. Pickering who released her for work on November 20 with the following restrictions: no lifting above the head, no lifting of more than five pounds, and no bending or squatting. Dr. Pickering stated that these restrictions would be in place for two weeks and that after the two week period Mickle should be able to return to full duty. Once the two week period was over, however, on December 5, 1997, Mickle called Dr. Pickering complaining of back problems and requested that she be referred to physical therapy. On December 11, Mickle requested that Dr. Pickering schedule an MRI, which was scheduled for December 18. He eventually referred her to Dr. Melancon of HubSouth Orthopaedics. Dr. Melancon released her for work on January 5, 1997, restricting her to lifting no more than ten pounds, a maximum work day of six hours, and wearing tennis shoes. Mickle was prescribed physical therapy which continued into the month of March.

¶3. After Mickle was discharged from One Price Clothing she applied for unemployment benefits to the Mississippi Employment Security Commission on January 30, 1998. She received a notice of nonmonetary decision on February 11, 1998, based on the fact that since she was only available for work six hours per day that she was not available for full time work as required by law. Mickle appealed to the appeals referee. After hearings the referee affirmed the disqualification, finding that Mickle failed to submit medical documentation showing that she was released for full time work and thus, failing to prove that she was able to work as required by Mississippi law. Mickle then appealed to the Board of Review which affirmed the findings of fact and opinion of the referee. The decision of the Board of Review was then affirmed on appeal by the Forrest County Circuit Court, finding that the appellant was not entitled to the relief requested. It is from that decision that the appellant appeals.

### Standard of Review

¶4. "The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud." *Ray v. Bivens,* 562 So. 2d 119, 121 (Miss. 1990) (quoting *Melody Manor, Inc. v. McLeod*, 511 So. 2d 1383, 1385 (Miss. 1987)). Where there is the required substantial evidence, this court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review. *Ray*, 562 So. 2d at 121; *Piggly Wiggly*, 465 So. 2d 1062, 1065 (Miss. 1985); *Wheeler v. Arriola*, 408 So. 2d 1381, 1383 (Miss. 1982); *Mississippi Emp. Sec. Comm'n v. Georgia-Pacific Corp.*, 394 So. 2d 299, 303 (Miss. 1981); *Williams v. Mississippi Emp. Sec. Comm'n*, 395 So. 2d 964, 965 (Miss. 1981). First is the notion that a court reviewing the action of an administrative agency has limited authority to intervene and is obligated to affirm where there is substantial evidence to support the agency's decision. *Coleman v. Mississippi Emp. Sec. Comm'n,* 662 So. 2d 626, 627 (Miss. 1995).

### ISSUE

### *Was the appellant able to accept full time work ?*

¶5. An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that he is able to work and is available for work. Miss. Code Ann. § 71-5-511 (c) (Rev. 1995). The availability requirements are interpreted to mean that the individual must be genuinely attached to the labor market, ready and willing to accept any suitable work, and that his chances of obtaining work

must not be unduly restricted. *Mississippi Emp. Sec. Comm'n v. McLeod,* 419 So. 2d 207, 208 (Miss. 1982).

## DISCUSSION

¶6. It is undisputed that the appellant was willing to work during the time that she was denied the unemployment benefits which are the basis of this appeal. Though she was mentally ready to accept suitable work, she also had to show that she was physically capable, without undue restrictions, of doing the work for which she was qualified. *Id.* The claimant has the burden of proving that she is genuinely attached to the labor market by proving that she is able and available to work full time. *Id.* Though the claimant would not ordinarily be required to produce medical documentation proving her ability to work, the requirement is imposed in this case because of a conflict in the evidence regarding her ability to work.

¶7. There are several Mississippi cases upon which we can rely as precedent that interpret the applicable statute with regard to ableness and availability for work and whether a claimant has unduly restricted opportunities for work by limiting his availability to certain hours or conditions. *See Mills v. Mississippi Emp. Sec. Comm'n*, 89 So. 2d 727, 729 (Miss. 1956) (involving a claimant who limited availability to certain shifts denied benefits); *Mississippi Emp. Sec. Comm'n v. Blasingame*, 116 So. 2d 213 (Miss. 1959) (involving a claimant limiting availability based upon transportation not eligible for benefits). Though not a Mississippi case, the court denied the claimant benefits in *Unemployment Compensation Board of Review v. Sanchez*, 346 A. 2d 390, 392 (Pa. 1975), concluding that his attachment to the labor market had been eliminated by the restriction that his availability for work be limited by his medical condition to a maximum of two hours per day in light work. Also, *Baker v. Commonwealth*, 336 A. 2d 671, 674 (Pa. 1975), held that the claimant was not able to work since she was restricted to light jobs, requiring no standing or heavy lifting, and could not work more than three days per week and only up to five hours per day.

¶8. The appellant relies on the statement of Dr. Pickering dated November 18,1997, to support her contention that she was able to accept full time employment. However, that medical record speculatively states that Mickle "should be able to return to full duty" after two weeks. The medical record shows that Mickle called Dr. Pickering's office seventeen days later, on December 5, 1997, regarding back problems and requesting that she be referred to Dr. Bernardo for physical therapy. This was precisely the time that Dr. Pickering stated that she "should" be able to return to work. Mickle also called Dr. Pickering's office on December 11 requesting an MRI because of back pain. She was eventually referred to an orthopaedic clinic and began physical therapy in January. Thus the fact that Pickering stated that she "should" be able to return to full duty in two weeks, which would have been during the first week in December, was in fact speculative and supportive of the conclusion of the Board of Review not to accept Pickering's statement as documentation showing that she was actually able to accept full time work at that time.

¶9. The most recent medical documentation regarding Mickle's ability to accept employment was from Dr. Melancon of HubSouth Orthopaedics. That statement, dated January 2, 1998, released Mickle to work but restricted her to a six hour work day, among other restrictions, because of her medical condition. Mickle testified before the appeals referee that she had been receiving physical therapy and that she was still having treatments at the time of the hearings. The appeals referee continued the hearing for five days in order to give Mickle ample opportunity to produce documentation regarding a release from her physician for her to perform full time work. She provided none. Where there is a conflict in the evidence, whether the claimant's

mere assertion that she is able to work has the credibility to show that she actually is able to work is an issue for the Board of Review and not for this Court. *Ray v. Bivens*, 562 So. 2d at 121. The Board acted within its scope of authority in having required this documentation in order to fulfill the statutory requirement imposed by section 71-5-511 (c) of the Mississippi Code to show that she was able to work

## CONCLUSION

¶10. Because Mickle's most recent release from her physician placed restrictions on her ability to secure employment, we find that the lower court, in affirming the Board of Review, was not in error in requiring documentation to show that Mickle was able to work in order to be entitled to unemployment compensation benefits. A claimant who has been denied unemployment compensation because his ability to work has been restricted for medical reasons by a physician should be released from those restrictions by that physician or another qualified health care professional in order to sustain the burden of proving that he is able and available to work full time in accordance with the statutory requirement. Mere assertions by the claimant that he is willing and able to work may not be adequate to meet the burden of proof necessary to show ableness and availability once restrictions have been imposed for medical reasons. We therefore affirm the decision of the Forrest County Circuit Court.

¶11. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.**

IRVING, J., DISSENTING:

¶12. I must respectfully dissent from the majority's holding that Mickle is required to prove, by medical evidence, her availability for work. This is not a workers's compensation case where the claimant is required to prove by medical evidence his/her disability. This is an unemployment compensation case where a claimant is only required to prove that he/she is able to work and is available for work. Miss. Code Ann. § 71-5-511(c) (Rev. 1995).

¶13. The appeals referee made the following findings of fact:

On October 17, 1997, the claimant sustained a back injury. The claimant was treated by Dr. Pickering, Seminary, Mississippi, and was referred to Dr. Melancon, Hattiesburg, Mississippi. Dr. Melancon released the claimant January 5, 1998, with restrictions on lifting and restricting the claimant from working more than six hours per day. The claimant was referred to physical therapy which is overseen by Dr. Bernardo, Hattiesburg, Mississippi. The claimant has not been released by Dr. Bernardo. The claimant maintains that she is able to work full time, however, the claimant has failed to submit medical documentation to show that she has been released for full time work.

¶14. Based upon the above findings, the appeals referee issued the following opinion:

Section 71-5-511l(c) of the Law provides that an unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that he is able to work and available for work. This means that the individual must be genuinely attached to the labor market, ready and willing to accept suitable work and that his chances of obtaining work must not be unduly restricted.

The Referee finds that the claimant has been treated by several physicians after sustaining a back injury. The claimant maintains she is able to work. However, the claimant has failed to submit medical documentation to show that she has been released for full time work. It is the opinion of the Referee that the claimant is not able to work as required by Law. Therefore, the decision of the Claims Examiner is in order.

¶15. The evidence upon which the appeals referee relied was written notations upon a form statement from one of the doctors who saw Mickle at HubSouth Orthopaedics only once, that being January 2, 1998. The form statement provided that Mickle was able to return to work on January 5, 1998 and contained the following notations: no lifting more than ten pounds, no work longer than six hours and must wear tennis shoes. This statement was signed by Dr. Keith P. Melancon on January 2, 1998. Mickle also submitted a statement, dated November 18, 1997, from Dr. Billy M. Pickering, her primary treating physician, which read:

Amoxicillin 500 tid X 10 days, Rocephin 500 IM. Due to the throat, she should not return to work until Thursday [November 20,1997], then with restriction including no lifting above the head, no lifting greater than five pounds and no bending over or squatting. These restrictions will be in place for two more weeks. Then she should be able to return to full duty.

Mickle testified as follows:

Q. Okay. Are you able to work full time?

A. Yes.

Q. Okay. Are you available for work full time?

A. Yes.

Q. Are you seeking full-time work?

A. Yes. I am waiting on someone to call, hopefully.

Mickle also testified:

Q. Did [Dr. Melancon] indicate when you would get a release for full time work?

A. No, we didn't even discuss it. *He said whenever I felt able.*

Q. Okay.

A. So . . (sic) and I mean, if I apply for a job somewhere and I get it, I'm not going to refuse it because I need to work right now. So, I.. (sic) I am able to work at this time. It still hurts, but I'm sure everybody does after an accident.

¶16. Neither doctor testified in person or by deposition, nor were the medical notes of Dr. Melancon presented.

¶17. The majority, without citing authority to support its position, says "though the claimant would not

ordinarily be required to produce medical documentation proving her ability to work, the requirement is imposed in this case because of a conflict in the evidence regarding her ability to work." I fail to see any conflict in the evidence regarding her ability to work. Dr. Melancon's statement releasing Mickle to return to work with notations regarding limitations was nothing more than the doctor's advisory recommendation to aid in her recuperation; it was not proof that Mickle was physically unable to work eight hours per day. If she wanted to disregard his recommendation, and apparently she did, she was free to do so. In fact, according to her uncontradicted testimony, Dr. Melancon told her to return to work whenever she felt able. This had to mean return to full time work whenever she felt able. This advice clearly buttresses the conclusion that the notations on Dr.

Melancon's statement were advisory rather than, as the majority views them, an emphatic statement that Mickle was physically unable to work more than six hours per day.

¶18. The statement by Dr. Melancon was dated January 2, 1998. Mickle filed an initial claim for benefits on January 25, 1998, more than enough time for her to feel able to return to full time work even if one were to interpret the notations on Dr. Melancon's statement as being emphatic pronouncements that Mickle was physically unable to work full time at that time.

¶19. In *Mississippi Emp. Sec. Comm'n v. McLeod*, 419 So. 2d 207 (Miss. 1982), a case cited by the majority, the court held that a full time student who stated that he would quit school if he were offered a job was available for work. Before the claims examiner, McLeod testified as follows:

> I am attending school at Jackson County Jr. College, 5 days a week 8 A.M. until 2 P.M. Diesel Mechanic Vocational School. V.A. Training. *I would quit school if I found a job.* I could work any second shift and attend school. I started school 3-16-81 will finish 11-82. I am receiving $464.00 per month VA school benefits. (emphasis added).

*Id.* at 208.

¶20. The claims examiner denied the claim, and McLeod appealed. At the evidentiary hearing before the appeals referee, the same testimony was given, and McLeod again testified that he was available for work and would quit school if classes interfered with his work. Again, the claim was denied, and the reason given: "In this case, claimant is a full-time student and is considered prima facial evidence of his non-availability for work." *Id.* at 208. The matter was appealed to the Board of Review of the Mississippi Employment Commission which adopted the findings and opinion of the appeals referee and likewise denied the claim. On appeal to the circuit court, the court reversed the decisions of the claims examiner, appeals referee and Board of Review, and the Mississippi Supreme Court, in affirming the circuit court, quoted from 76 Am.Jur. 2d *Unemployment Compensation* § 73 (1975) as follows: "Furthermore, it has been held that the asserted willingness of the claimant to quit school if necessary in order to accept employment need not be accepted by the trier of facts." *McLeod,* 419 So. 2d at 210. Yet, despite noting that the trier of facts was not obligated to accept the claimant's testimony regarding his willingness to quit school, the *McLeod* court ruled for the claimant with the following teaching:

> Claims involving this question necessarily must be considered on a case-by-case basis. Appellee here worked as a diesel machinist for his employer over a period of six (6) years. When laid off because of a cutback in operations by his employer, through no fault of his own, he attended diesel mechanical school, apparently in an effort to improve his skill, which, in turn, would be beneficial to his employer

once he resumed work. Without dispute, he would terminate his schooling and work on whatever shift the employer required without limitation or restriction. He is to be commended, and not criticized or penalized, for being industrious and ambitious rather than idle and lazy. We are of the opinion that appellee was available to, and for, work within the meaning of Section 71-5-511(c).

*Id.* at 210.

¶21. One conclusion is inescapable from the teachings in *McLeod*: a claimant's testimony as to his/her willingness to work must be accepted in the absence of any evidence that the claimant cannot make good on his/her word.

¶22. In *Mississippi Emp. Sec. Comm'n v. Blasingame*, 116 So. 2d 213, 215 (Miss. 1959), cited by Mickle, the Mississippi Supreme Court gave the following guidance on the issue of availability for work: "*It has been held that the test of availability is subjective in nature and must depend in part on the facts and circumstances of each case. A factor to be considered is claimants's mental attitude, that is, whether he wants to go to work or is content to remain idle.*" (emphasis added).

¶23. In this case, Mickle's workers' compensation benefits had been terminated in November after Dr. Pickering released her to return to work. It is this work-related injury that was the subject of Dr. Melancon's statement. Either Mickle had obtained maximum medical recovery and was able to reenter the job market[1] or she was still disabled and entitled to a continuation of workers' compensation benefits. She said she was ready to work. No competent evidence contradicted her position. I refuse to accept the proposition that there is a worker's purgatory where workers like Mickle must languish before ascension into the paradise of the world of workers. Yet that is just the sentence meted out to Mickle here where she is unqualified for both workers' compensation and unemployment compensation, all of this in the face of her uncontradicted testimony that she needs to work and is willing to work. For these reasons, I dissent.

**DIAZ, J., JOINS THIS SEPARATE WRITTEN OPINION.**

1. Sometime after being released by Dr. Pickering to return to work, Mickle's employer terminated her.