## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CT-01730-SCT

*LISA A. MICKLE*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/1998 |
| TRIAL JUDGE: | HON. RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL ADELMAN |
| ATTORNEYS FOR APPELLEE: | MARK D. RAY |
| | ALBERT B. WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 8/24/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/15/2000 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Lisa A. Mickle was discharged from her employment at One Price Clothing after she suffered a back injury. She filed for unemployment compensation benefits. The hearing officer found that she was not eligible for benefits because she had not shown that she was able and available to return to work. That finding was upheld by the Board of Review and the Forrest County Circuit Court, and it was affirmed by the Court of Appeals by a vote of 8-2, *Mickle v. Mississippi Employment Sec. Comm'n*, No. 1998-CC-01730-COA (Miss. 1999). This Court granted Mickle's Petition for Writ of Certiorari. Because the decision of Board was not supported by substantial evidence and because it was contrary to law, we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2. Lisa A. Mickle was employed as a sales associate by One Price Clothing Stores in Hattiesburg. On October 17, 1997, she stepped into a water meter hole while she was at work and injured her back. Her injury was treated by Dr. Billy Pickering who released her for work on November 20 with several conditions. Mickle was restricted from lifting items above the head, from lifting more than five pounds, and from bending or squatting. The release stated that these restrictions would continue for two weeks and that after the two week period Mickle "should be able to return to full duty." However, on December 5, 1997, Mickle again called Dr. Pickering and complained of back problems. Dr. Pickering referred her to Dr. Melancon who eventually released her for work on January 5, 1998. Dr. Melancon initially restricted her to

lifting no more than ten pounds, a maximum work day of six hours, and wearing tennis shoes. However, Dr. Melancon told Mickle that she could return to full-time work when she felt able. Mickle also underwent physical therapy which continued into March.

¶3. After Mickle was discharged from One Price Clothing on January 25, 1998,[1] she applied for unemployment compensation benefits with the Mississippi Employment Security Commission on January 30, 1998. She received a notice of nonmonetary decision on February 11, 1998, that she was not available for full time work as required by law since she was only available for work six hours per day. Mickle appealed to the appeals referee. After hearings, the referee affirmed the disqualification. He found that "the claimant has failed to submit medical documentation to show that she has been released for full time work," and thus, that she had failed to prove that she was able to work as required by Mississippi law. Mickle then appealed to the Board of Review which affirmed the findings of fact and opinion of the referee. The decision of the Board of Review was then affirmed on appeal by the Forrest County Circuit Court which found that Mickle was not entitled to the relief requested. The Court of Appeals affirmed by a vote of 8 - 2. Mickle then filed a petition for writ of certiorari which we granted.

## ANALYSIS

¶4. This Court's review is limited to questions of law as provided in Miss.Code Ann. § 71-5-531 (Supp. 1999) which states in pertinent part: "[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of [the reviewing] court shall be confined to questions of law." *See also Huckabee v. Mississippi Employment Sec. Comm'n*, 735 So.2d 390, 393 (Miss.1999); *Hoerner Boxes, Inc. v. Mississippi Employment Sec. Comm'n,* 693 So.2d 1343, 1346-47 (Miss.1997); *Barnett v. Mississippi Employment Sec. Comm'n*, 583 So.2d 193, 195 (Miss.1991). Additionally, "[t]he Board's findings of fact are conclusive if supported by substantial evidence and without fraud." *Huckabee*, 735 So.2d at 393. This Court has stated on numerous occasions that an agency's findings may not be disturbed by appellate courts where in the absence of fraud the factual findings are supported by substantial evidence and the relevant law was properly applied to the facts. *Mississippi Employment Sec. Comm'n v. Gaines*, 580 So.2d 1230, 1232-33 (Miss.1991).

¶5. In *Delta CMI v. Speck*, 586 So.2d 768, 773 (Miss.1991), this Court discussed the definition of "substantial evidence" and found:

> Substantial evidence means something more than a "mere scintilla" of evidence, *Johnson v. Ferguson*, 435 So.2d 1191 (Miss.1983) and that it does not rise to the level of "a preponderance of the evidence." *Babcock & Wilcox Co. v. McClain*, 149 So.2d 523 (Miss.1963). It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means . . . affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *State Oil & Gas Bd. v. Mississippi Min. & Roy. Own. Ass'n*, 258 So.2d 767 (Miss.1971). *United States v. Harper*, 450 F.2d 1032 (5th Cir.1971).

¶6. To be entitled to unemployment benefits, "a discharged employee need only show that he has been paid wages during a base period for insured work, is unemployed and registered for work and 'is able to work and is available for work'...." *Coleman v. Mississippi Employment Sec. Comm'n,* 662 So.2d 626, 627-28 (Miss.1995). *See* Miss. Code Ann. § 71-5-511(c) (1995). To be available for work within the meaning of the act, the claimant must be genuinely attached to the labor market, i.e., he must be desirous to obtain

employment, and must be willing and ready to work. ***Mississippi Employment Sec. Comm'n v. McLeod***, 419 So.2d 207, 209 (Miss.1982). In ***Mississippi Employment Sec. Comm'n v. Blasingame***, 237 Miss. 744, 749, 116 So.2d 213, 215 (1959), this Court said:

> the words 'available for work' imply that in order that an unemployed individual be entitled to benefits he must be willing to accept any suitable work which may be offered him without attaching thereto restrictions or conditions not usual or customary in that occupation, but which he may desire because of his particular needs or circumstances.... The burden is upon the unemployed individual to show the required conditions have been met entitling him to benefits....

¶7. There are few cases discussing whether a claimant is "able to work and available for work." In ***Mills v. Mississippi Employment Sec. Comm'n***, 228 Miss. 789, 797, 89 So.2d 727, 729 (1956), the Court held that a claimant who refused to work for less that the union wage scale was not available for work and was not qualified for benefits. In ***Mississippi Employment Sec. Comm'n v. Swilley***, 408 So.2d 61 (Miss.1981), benefits were denied to a claimant who refused to work for less than $10 per hour. The Court also held in ***Blasingame***, 237 Miss. at 750, 116 So.2d at 214, that an employee who stated that she would only work for a certain hourly wage and could only work at certain hours during which she had transportation to and from work was not available to work in that the employee was not "unequivocally exposed to the labor market," having restricted her hours and having made only nominal efforts to obtain work. In ***McLeod***, 419 So.2d 207, the Court determined that a machinist who had been laid off and had returned to school was nonetheless able and available for work when he testified that he would quit school if a job opportunity presented itself.

¶8. Claims involving whether an employee is able and available to work "must be considered on a case-by-case basis." ***Id.*** at 210. "[T]he test of availability is subjective in nature and must depend in part on the facts and circumstances of each case. A factor to be considered is claimant's mental attitude, that is, whether he wants to go to work or is content to remain idle." ***Blasingame,*** 237 Miss. at 749, 116 So.2d at 215.

¶9. In the case at hand, Mickle suffered a back injury in October of 1997. Initially, she was treated by Dr. Pickering who released her to work on November 20, 1997. However, her condition persisted and she was referred to Dr. Melancon, who authorized her to return to work on January 5, 1998, with the restrictions that she work no longer than six hours, that she not lift more than ten pounds, and that she wear tennis shoes while working. Apparently, while the hearing before the referee was pending, Mickle had asked Dr. Melancon for a release even though she had not seen him in over two months. Through oversight or some other misunderstanding, Mickle did not procure the release before the hearing. Other than the absence of a final release, no medical evidence was presented at the hearing which indicated that Mickle was not able and available to work.

¶10. Mickle testified at the hearing as follows:

> Q. Okay. Are you able to work full time?
>
> A. Yes.
>
> Q. Okay. Are you available for work full time?
>
> A. Yes.

Q. Are you seeking full-time work?

A. Yes. I am waiting on someone to call, hopefully.

Mickle also stated:

Q. Did [Dr. Melancon] indicate when you would get a release for full time work?

A. No, we didn't even discuss it. He said whenever I feel able.

Q. Okay.

A. So . . and I mean, if I apply for a job somewhere and I get it, I'm not going to refuse it because I need to work right now. So, I.. I am able to work at this time. It still hurts, but I'm sure everybody does after an accident.

In her claim for benefits, Mickle stated that there was no reason she could not accept full-time work. Unlike *Mills*, *Swilley*, and *Blasingame*, Mickle placed no restrictions on her own job search. She wanted to work full-time. In fact, according to her testimony, she did not even know that Dr. Melancon had placed any restrictions on her in his January 5 release.

¶11. We find that the Board's conclusion that Mickle was unable and unavailable for work is not supported by the evidence. The Appeals Referee did not find that Mickle's injury actually prevented her from working. The Referee denied the claim because she had "failed to submit medical documentation to show that she has been released for full time work." The only testimony at the hearing was Mickle's. The only evidence contrary to her positive assertions that she was able and available to work was Dr. Melancon's release which placed certain restrictions on Mickle's return to work and Mickle's failure to produce a complete release. First, that evidence was completely countered by Mickle's unequivocal testimony at the hearing that she could work and wanted to work. Additionally, the restrictions were somewhat outdated as the doctor had not seen her in over two months.

¶12. We also find that the decision of the Board is contrary to law. There is no authority in the statutes or case law required Mickle to produce medical documentation that she has been unconditionally released to return to work. The only requirement is that she show that she is able and available to work. Mickle's testimony to that end was uncontradicted. The Appeals Referee's finding and the Court of Appeals decision that Mickle had failed to submit documentation to show that she had been released and therefore that she had failed to show that she was able to work would create a new requirement not contemplated by the statute and is therefore erroneous.

¶13. Finally, it is noted that Mickle alleges that she received workers' compensation benefits until Dr. Pickering released her to return to work at which point her workers' compensation ended. It is incongruous that the employer can avoid paying workers' compensation benefits based on a finding that Mickle has recovered from her injury and is able to return to work and simultaneously elude unemployment payments because she has not provided another physician's statement that she is fully released to return to work. In essence, the lower courts have said that Mickle is well enough to work for workers' compensation purposes but not well enough to work for unemployment benefits purposes. The employer acknowledged that she was no longer injured and could return to work when it ceased paying workers' compensation but now argues that she has not shown that she is able to work and available for work. This inconsistency is not

compatible with the intent of the workers' compensation and unemployment compensation statutes.

## CONCLUSION

¶14. We find that the decision of the Board of Review that Mickle was not able and available to work is not supported by substantial evidence in this case. We further find that the Court of Appeals' conclusion that Mickle submit a medical release before there could be a finding that she was able and available to work is contrary to the statute. We therefore reverse the judgments of the Court of Appeals, the Forrest County Circuit Court, the Board of Review, and the Appeals Referee, and we remand this case to the Mississippi Employment Security Commission for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED.**

> **PRATHER, C.J., BANKS, P.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**

1. The reason for Mickle's termination is not revealed in the record and was not at issue in the proceedings below. Apparently, her termination was not related to the injury.