639 So.2d 904 (1994)
Waverly ALLEN
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Vesuvius USA Corporation.
No. 92-CC-0871.
Supreme Court of Mississippi.
June 23, 1994.
Rehearing Denied August 4, 1994.
*905 Dan W. Duggan, Jr., Jackson, for appellant.
Jan D. Garrick, Fred J. Lotterhos, Jr., Jackson, Alben N. Hopkins, Jr., Hopkins Dodson Wyatt & Crawley, Gulfport, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
McRAE, Justice, for the court:
Waverly Allen appeals the decision of the Scott County Circuit Court which denied his claim for unemployment benefits filed with the Mississippi Employment Security Commission. He raises the following issue:
The circuit court erred in affirming the Mississippi Employment Security Commission's denial of unemployment benefits based on the holding that Allen's actions constituted misconduct.
We find that the circuit court erred in affirming the Commission's decision. Allen's actions did not constitute misconduct since they were neither willful and wanton nor culpably negligent; his acts were merely ordinary negligence. Therefore, we reverse the lower court's judgment, finding that Allen is eligible to receive unemployment compensation benefits, and remand this cause to the Commission for further hearing consistent with this opinion.

FACTS
Waverly Allen worked at Vesuvius USA Corp. for approximately four years, and at the time he was discharged, he had been employed as a process grinder operator for two years. Allen operated a machine that ground the surface of the particular part that Vesuvius USA manufactured. Beginning on January 3, 1991, and continuing for a ten month period, Allen received four reprimands. *906 On January 3, 1991, Allen was verbally admonished for "grinding parts undersize." Willie Bowie, Allen's production manager, testified that in order to grind a part undersize, an operator would have to "throw a switch" since the machine was preset at a specific limit and proper tolerance.
On May 24, 1991, Allen received a written warning for grinding one hundred and eight (108) parts undersize. This error cost Vesuvius USA four thousand dollars ($4,000.00). Because of this error, Allen was demoted to a lower level job for a period of two to three weeks. Bowie then reinstated Allen to the grinder operator position, with management and quality control personnel responsible for monitoring his work.
On October 28, 1991, Allen received a written warning for failing to send parts to the proper station once he finished with the parts. On November 19, 1991, Allen was verbally reprimanded for improperly placing parts on a rack. According to his supervisor, he had been given instructions on how to place the parts on the rack to prevent scraping but simply failed to follow such instructions. Allen testified that he had put the parts on the rack in the same manner as he had since he began working at the company under the instruction of his lead man. At this time, Allen was terminated for poor job performance.
Allen applied for unemployment benefits, and on December 10, 1991, Allen was notified by the Mississippi Employment Security Commission (hereinafter "MESC") that he was ineligible for benefits. MESC held that Allen's failure to perform work up to the standards required by his employee constituted misconduct. This decision was based upon the fact that he had before demonstrated that he had the ability to perform the work in accordance with his employer's expectations. Following an appeal to the Scott County Circuit Court which upheld MESC's findings, Allen perfected this appeal.

STANDARD OF REVIEW
This Court's standard of review of an administrative agency's findings and decisions is well established. An agency's conclusions must remain undisturbed unless the agency's order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one's constitutional rights. Mississippi Commission on Environmental Quality v. Chickasaw County Board of Supervisors, 621 So.2d 1211, 1215 (Miss. 1993); Mississippi Employment Security Commission v. PDN, Inc., 586 So.2d 838, 840 (Miss. 1991). A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. United Cement Company v. Safe Air for the Environment, 558 So.2d 840, 842 (Miss. 1990). Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency. Mississippi Public Service Commission v. Merchants Truck Line, Inc., 598 So.2d 778, 782 (Miss. 1992).

LAW

DID THE CIRCUIT COURT ERR IN AFFIRMING THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION'S DENIAL OF UNEMPLOYMENT BENEFITS BASED ON THE HOLDING THAT ALLEN'S ACTIONS CONSTITUTED MISCONDUCT?
The underlying purpose of implementing employment security law in Mississippi is to protect those workers not permitted to continue employment through no fault of their own. Mississippi Employment Security Commission v. Gaines, 580 So.2d 1230, 1234 (Miss. 1991); Mississippi Employment Security Commission v. Fortenberry, 193 So.2d 142, 144 (Miss. 1966). The burden of proving disqualifying misconduct by clear and convincing evidence rests with the employer. Gore v. Mississippi Employment Sec. Comm'n, 592 So.2d 1008, 1010 (Miss. 1992). Mississippi Code Ann. § 71-5-513 (1972) provides that an "individual shall be disqualified for benefits ... [if] he was discharged for misconduct connected with his work, if so found by the Commission...." Miss. Code Ann. § 71-5-513 (1972). Since the facts of the case at hand are not in dispute, the question to answer is whether Allen's actions as a matter of law can be *907 considered misconduct under Mississippi's law.
This Court has before defined the term misconduct as:
[C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the [S]tatute.
Booth v. Employment Sec. Comm'n, 588 So.2d 422, 425-26 (Miss. 1991). See Mississippi Employment Sec. Comm'n v. Borden, Inc., 451 So.2d 222, 225 (Miss. 1984); Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982).
Allen argues that MESC failed to prove by substantial, clear and convincing evidence that his actions constituted misconduct under Mississippi's law. He casts the case sub judice as one of isolated acts of negligence. Allen asserts that he did everything required of him, and, although he made mistakes on the job, Vesuvius USA demoted him and then later replaced him as grinder operator when it knew, or should have known, that he could not handle that position.
In Employment Sec. Comm'n v. Phillips, 562 So.2d 115 (Miss. 1990), this Court addressed the question as to what constitutes misconduct and held:
The Legislature has afforded no definition of misconduct, although quite apparently the statute imports an objective standard. The end of law is individual and hence societal adherence to external standards. It follows that questioned acts must be judged by like standards, even where expressed in language so open textured as "misconduct connected with his work." We have fleshed out the term in a series of cases beginning with Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982). See also Miss. Employment Sec. Commission v. McGlothin, 556 So.2d 324 (Miss. 1990); Shannon Engineering and Construction v. Miss. Employment Sec. Commission, 549 So.2d 446 (Miss. 1989); Piggly Wiggly v. Miss. Employment Sec. Commission, 465 So.2d 1062 (Miss. 1985); Miss. Employment Sec. Commission v. Borden, Inc., 451 So.2d 222 (Miss. 1984). Misconduct imports conduct that reasonable and fair-minded external observers would consider a wanton disregard of the employer's legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer's interests may rise to the dignity of misconduct. See Borden, 451 So.2d at 225.
Phillips, 562 So.2d at 118 (emphasis added).
Allen argues that reasonable and fair-minded observers could in no way classify his acts as wanton disregard of his employer's interests. Allen contends that his acts may have been sufficient, in the eyes of his employer, to terminate him from employment, but such acts do not rise to the level of disqualifying misconduct so that he is not eligible to receive unemployment benefits. We agree.
Allen's acts cannot, as a matter of law, constitute misconduct. The record lacks evidence of wrongful intent or evil design. There is no indication in the record whatsoever that Allen's negligence would import a wanton disregard of his employer's interests in the mind of a reasonable person. At worst, Allen's acts of "grinding parts undersize" were inadvertences or isolated instances of ordinary negligence. Allen's production manager testified that after being demoted to a lower job, Allen was reinstated as a grinder operator and management and quality control personnel were responsible for monitoring his work. Allen testified that he expressed a concern about being able to handle the position of grinder operator, but his employer assured him that he could do the job.
*908 As we have stated that "failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents ... [are] not considered `misconduct' within the meaning of the statute," Allen should not be denied unemployment benefits. Arriola, 408 So.2d at 1383. The determination by the Commission that Allen's actions were misconduct, so as to deny him benefits, is not supported by substantial evidence, and, thus, is erroneous.
We find that Allen is eligible to receive unemployment compensation benefits. Therefore, the lower court's judgment is reversed, and this cause is remanded to the Commission for a further hearing consistent with this opinion.
REVERSED AND REMANDED TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS and SMITH, JJ., concur.
PRATHER, P.J., dissents with separate written opinion joined by HAWKINS, C.J., and JAMES L. ROBERTS, Jr., J.
PRATHER, Presiding Justice, dissenting:
In my view, the actions of the Appellant, Waverly Allen, in the instant case do constitute "misconduct" and, therefore, it is my opinion that the decisions of the Mississippi Employment Security Commission (MESC) and the Circuit Court of Scott County should be affirmed.
Where the findings made by the MESC are supported by substantial evidence, "this court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review." Richardson v. Mississippi Employment Security Commission, 593 So.2d 31, 34 (Miss. 1992). See Booth v. Mississippi Employment Security Commission, 588 So.2d 422, 424 (Miss. 1991); Ray v. Bivens, 562 So.2d 119, 121 (Miss. 1990); Piggly Wiggly v. Mississippi Employment Security Commission, 465 So.2d 1062, 1064-65 (Miss. 1985). The burden is upon the employer to prove the disqualifying misconduct by clear and convincing evidence. Gore v. Mississippi Employment Security Commission, 592 So.2d 1008, 1010 (Miss. 1992). As noted by the majority, this Court in Mississippi Employment Security Commission v. Phillips, 562 So.2d 115, 118 (Miss. 1990) discussed the meaning of the term "misconduct." A portion of that discussion is worthy of repeating:
Misconduct imports conduct that reasonable and fair minded external observers would consider a wanton disregard of the employer's legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer's interests may rise to the dignity of misconduct.

Phillips, 562 So.2d at 118 (emphasis added). See also, Mississippi Employment Security Commission v. Borden, Inc., 451 So.2d 222, 225 (Miss. 1984); Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982).
This is not a case of an employee's being discharged for one isolated act of negligence of his part. In the instant case, the record reveals that Waverly Allen's conduct constituted acts of neglect in contravention to his employer's interests on several occasions prior to his termination. On January 3, 1991, he was given a verbal warning for grinding a set of parts undersize. On May 24, 1991, Waverly Allen received a written warning after grinding 108 parts undersized, costing his employer $4,000.00. Willie Bowie, production manager for Vesuvius USA, testified that the machine used to grind these parts is preset by the machine's operator. With regard to the actions required to grind a part undersized he stated, "[I]n order to grind parts undersize you would manually have to throw a switch to, you know, take them down a little bit lower. In other words, the machine is set to grind just so much off the part ..." Waverly Allen received another written warning on October 28, 1991. The reason for this warning was that he failed to send parts to the proper station after grinding.[1] Finally, on November 19, 1991, the day *909 of Waverly Allen's termination, he was given a verbal warning for placing some parts on a rack improperly.
While each of these incidents taken separately might not be sufficient to justify disqualifying Waverly Allen from receiving unemployment benefits because of "misconduct," all of these actions considered together evidence "repeated neglect of [his] employer's interests"[2] and thereby constitute misconduct on the part of Waverly Allen. Therefore, the circuit court's decision upholding the denial of unemployment benefits to Waverly Allen by the Mississippi Employment Security Commission should be affirmed. Accordingly, I dissent.
HAWKINS, C.J., and JAMES L. ROBERTS, Jr., J., join this opinion.
NOTES
[1] Waverly Allen was also given a written warning for not reporting to work as scheduled on March 27, 1991. The reason he did not go to work that day was because his car was broken. However, he did call in to let his employer know that he would be unable to come in on time. This warning apparently played no part in the Appeals Referee's decision in this case.
[2] Phillips, 562 So.2d at 118.