BRANTLEY, J.,
for the court.
¶ 1. Early Wren, Jr. appeals from a judgment of the Claiborne County Circuit Court upholding the denial of unemployment benefits by the claims examiner, appeals referee, and the Mississippi Employment Security Commission’s Board of Review. Specifically, Wren asks this Court to consider the following:
WHETHER THE LOWER COURT FAILED TO CONSIDER FACTS WHICH SUPPORT THE CLAIMANT’S CONTENTION THAT HE IS “ABLE AND AVAILABLE FOR WORK,” AND FAILED TO APPLY RELEVANT LAW TO THOSE FACTS.
Finding no error, we affirm.
FACTS
¶2. Wren suffered a back injury and was unable to perform his job duties as a welder at Letourneau, Inc. As a result, Wren was absent from work and subsequently terminated because he did not present a doctor’s letter excusing him from full duty work. Wren thereafter filed for unemployment insurance benefits.
¶ 3. After the claim examiner denied Wren’s initial claim for the benefits, Wren appealed to the Mississippi Employee Security Commission’s (MESC) appeals referee. After a hearing on the issue of whether Wren was able and available to work, the referee found that Wren was no longer under the care of his physician and had been released to light duty work. The referee also found that Wren could perform clerical or sedentary work, but according to Wren’s testimony the lowest rate of pay he was willing to accept was ten dollars per hour. The referee determined that this wage was excessive for an entry-level type sedentary or clerical position in Mississippi. Therefore, the referee concluded that Wren was disqualified from unemployment benefits because he had restricted his chances of finding work and was, therefore, not able and available for work, as required by Mississippi Employment Security law.
¶4. The MESC Board of Review affirmed the referee’s decision adopting his finding of fact and opinion. The circuit court affirmed the Board’s decision, finding that the decision was supported by the evidence and the law.
*921 STANDARD OF REVIEW
¶ 5. Mississippi Code Ann. Section 71-5-531 (Rev.2000) states in part: “[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of [the reviewing] court shall be confined to questions of law.” See also Huckabee v. Mississippi Emp. Sec. Comm’n, 735 So.2d 390, 393 (¶ 9) (Miss.1999). The Mississippi Supreme Court explained this standard of review in Allen v. Mississippi Employment Security Commission, as provided below:
This Court’s standard of review of an administrative agency’s findings and decisions is well established. An agency’s conclusions must remain undisturbed unless the agency’s order 1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates one’s constitutional rights. A rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise. Lastly, this Court must not reweigh the facts of the case or insert its judgment for that of the agency-
Allen v. Mississippi Emp. Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994).
DISCUSSION
I. WHETHER THE LOWER COURT FAILED TO CONSIDER FACTS WHICH SUPPORT THE CLAIMANT’S CONTENTION THAT HE IS “ABLE AND AVAILABLE FOR WORK” AND FAILED TO APPLY RELEVANT LAW TO THOSE FACTS.
¶ 6. Wren asserts that he was able and available for light duty work. He also asserts that the lower court failed to consider that he never refused to work for less than ten dollars an hour. However, the issue is not whether Wren refused work because of the excessive wage restriction, but whether he was willing to accept suitable work that did not meet his wage condition.
¶ 7. An unemployed individual shall be eligible to receive unemployment benefits with respect to any week only if the Commission finds that he is able to tuork and is available for work. Miss.Code Ann. § 71-5-511(c) (Rev.2000). The availability requirements are interpreted to mean that the individual must be genuinely attached to the labor market, ready and willing to accept any suitable work, and that his chances of obtaining work must not be unduly restricted. Mississippi Emp. Sec. Comm’n v. McLeod, 419 So.2d 207, 208 (Miss.1982). In Mississippi Emp. Sec. Comm’n v. Blasingame, 237 Miss. 744, 749, 116 So.2d 213, 215 (1959), the Mississippi Supreme Court stated:
the words “available for work” imply that in order that an unemployed individual be entitled to benefits he must be willing to accept any suitable work which may be offered him without attaching thereto restrictions or conditions not usual or customary in that occupation, but which he may desire because of his particular needs or circumstances .... The burden is upon the unemployed individual to show the required conditions have been met entitling him to benefits....
(emphasis added).
¶ 8. Furthermore, Wren had the burden of proving that he is genuinely attached to the labor market by proving he is “unequivocally exposed to the labor market.” Id. Also, claims involving whether an employee is able and available to work “must be considered on a case-by-case ba *922 sis.” McLeod, 419 So.2d at 210. Therefore, “the test of availability is subjective in nature and must depend in part on the facts and circumstances of each case. One factor, in particular, to be considered is the claimant’s mental attitude, that is, whether he wants to go to work or is content to remain idle.” Blasingame, 237 Miss. at 749, 116 So.2d at 215.
¶ 9. In the present case, the record clearly exhibits substantial evidence that Wren placed a wage restriction on the employment opportunities he was capable of performing. During the initial determination, Wren stated that “he [was] able and available for light duty work” and that “he need[ed] to get ten dollars per hour.” This wage restriction on his employment was later acknowledged through his testimony at the hearing with the referee. Wren was asked twice about the lowest wage he was willing to work for, and both times he answered ten dollars per hour. Furthermore, he stated that he needed ten dollars per hour because he had payments to make on a new home.
¶ 10. According to his own testimony, Wren was not willing to accept any suitable work which may be offered to him without attaching thereto his ten dollars per hour minimum wage restriction. This wage is not usual or customary in the occupations he is capable of performing, but is attached because of his particular need to pay a new house note. One who limits his availability for employment to work for a specific wage is not entitled to benefits because he is not exposed unequivocally to the labor market. See Blasingame, 237 Miss. at 749, 116 So.2d at 214-15.
¶ 11. Therefore, we find that the MESC Board of Review’s decision was supported by the facts in the record. The circuit court was correct in affirming the Board’s decision and this assignment of error is without merit.
¶ 12. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.