McMILLIN, C.J.,
dissenting.
¶ 76. I dissent. The issue upon which this case turns is one of fact and not of law involving the determination of whether the claimant, Ora Miller, did or did not suffer a second job-related injury on the evening she first returned to work from a prior work-connected injury. Under the statutory scheme for compensating injured *1177 workers, the Commission sits as the finders of fact. Inman v. Coca-Cola / Dr. Pepper Bottling Co. of Memphis, Tennessee, 678 So.2d 992, 993 (Miss.1996). Once the Commission has accomplished that task, its findings are entitled to substantial deference when challenged in an appeal to the judiciary. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). A reviewing court does not reweigh the evidence to determine where it might think the preponderance of the evidence might lie, but rather, that court is obligated to affirm'the Commission so long as there is substantial evidence in the record to support its determination of disputed questions of fact. Allen v. Mississippi Emp. Sec. Comm’n, 639 So.2d 904, 906 (Miss.1994).
¶77. Multiple witnesses in this case, some of whom would seem to be entirely disinterested, related a version of events on the evening of Miller’s alleged second injury that stood in sharp contrast to her version of suffering an excruciatingly painful injury that left her incapacitated for an hour and then barely able to move about. Co-workers testified to having observed her at intervals during the work period and to seeing her leaving the job under seemingly normal conditions and in no evident distress. Company officials reported that Miller did not contemporaneously report that she had been injured on the job, contradicting her own testimony. In her medical records for treatment occurring after the alleged second injury, there is no indication that she gave a history of a second accident except in the testimony of Dr. Stanback offered in his second deposition. This second deposition was, in material ways, contradicted by his earlier deposition and was not corroborated by his medical notes made at the time of the actual examination.
¶ 78. On those facts, the Commission determined that Miller had failed in her burden to prove a second work-related injury. It is beyond question that the burden of proof on the issue rested with Miller. South Mississippi Elec. Power Ass’n v. Graham, 587 So.2d 291, 294 (Miss.1991). There was more than substantial evidence in the record to support the Commission’s determination. In that situation, I am of the view that the circuit court erred by merely substituting its own view as to the credibility of the witnesses for that of the Commission. This Court compounds the problem by repeating that same error. We exceed our limited mandate regarding the scope of our review of an administrative proceeding when we do so. Ray v. Mississippi State Bd. of Health, 598 So.2d 760, 764 (Miss.1992).
¶ 79. I would reverse the judgment of the circuit court. This would reinstate the decision of the Commission. I would do so on the basis that there is substantial evidence in the record to support the Commission’s resolution of the key disputed issue of fact on which the case turns.
SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION.