ISHEE, J.,
for the Court.
¶ 1. Appellant Frederick Daniels appeals the decision of the Washington County Circuit Court affirming the decision of the Mississippi Employment Security Commission Board of Review (“The Board”) finding that Daniels had been discharged for misconduct and denying him unemployment benefits. Finding no error on appeal, we affirm.
FACTS
¶ 2. Frederick Daniels (“Daniels”) was employed by U.S. Axminster (“Axmin-ster”) as a weaver from January 22, 1991, until November 19, 2003. He was terminated for violating Axminster’s written employee misconduct policy that provided that three write-ups within one year constituted grounds for termination. Daniels received a written reprimand on October 10, 2003, for careless work resulting in poor quality work product. On November 11, 2003, Daniels was issued a written reprimand for tardiness on five occasions within one month. After Daniels was given the second write up, he was warned that a third would result in his termination. Daniels was terminated on November 19, 2003, after it was discovered that he was late to work on November 12, 2003, the day after receiving the written reprimand for excessive tardiness.
¶ 3. Daniels promptly filed for unemployment benefits. However, a claims examiner disqualified Daniels from receiving benefits for the violations the Axminster policy, which' constituted employee misconduct. Daniels appealed his disqualification to an appeals referee. Daniels was granted a hearing, at which only Daniels and Don McDonniel, who was Axminster’s human resource director, testified. On December 29, 2003, the referee found that Axminster had met its burden of proving that Daniels had repeatedly violated its policy, which constituted disqualifying misconduct in violation of Mississippi Code Annotated § 71-5-513(A)(l)(b) (Rev.2000). Daniels appealed his case to the Board, which adopted the referee’s fact findings and affirmed the referee’s opinion. Daniels next appealed to the Circuit Court of Washington County on February 19, 2004. On May 20, 2004, the Honorable Ashley Hines affirmed, finding that the Board’s decision was supported by the evidence, and that Axminster had met its burden of proof. From that decision, Daniels appeals, asserting the following assignment of error: (1) whether the trial court erred in affirming the decision of the Board.
ISSUE AND ANALYSIS
I. Whether the trial court erred in affirming the decision of the Board.
¶ 4. On appeal, Daniels alleges that Axminster failed to show good cause for his termination, and as such, Axminster failed to prove, and the Board erred in holding, that substantial evidence existed that he committed disqualifying misconduct. In support of his assertion, Daniels argues that he was not late, and that this fact is borne out by evidence of his pay stubs, which credit him with having worked- a full forty hours for the weeks in which his tardiness was alleged.
¶ 5. “When this Court reviews a decision by a chancery or circuit court concerning an agency action, it applies the same standard of review that the lower courts are bound to follow.” Miss. Sierra Club, Inc. v. Miss. Dep’t of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002). Mis *270 sissippi Code Annotated § 71-5-531 (Rev. 2000) states that: “[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” Further, a rebuttable presumption exists in favor of the Board of Review’s decision and the challenging party has the burden of proof. Allen v. Miss. Employment Sec. Com’n, 639 So.2d 904 (Miss.1994). In examining this appeal, we note that wilful, wanton, or grossly negligent violations of reasonable employer policies constitute disqualifying misconduct. See Miss. Employment See. Com’n v. Percy, 641 So.2d 1172 (Miss.1994) (claimant disqualified for falsifying timecards).
¶ 6. At his hearing before the special referee, Daniels denied that he was late five times, but admitted that he did not dispute the write-ups when they were issued. Daniels also confirmed that he was given a copy of Axminster’s employee handbook when he was hired. As to Daniels’s argument regarding his forty hour pay stubs, Don McDonniel provided testimony that, according to Axminster policy, in the event that an employee was more than fifteen minutes past the hour when clocking in, the employee’s tardiness would be considered a two-day absence. However, if the employee was less than five minutes late, the employee would still be given credit for a full forty hours of work. The Axminster policy neatly accounts for the alleged discrepancy between Daniels’s tardiness and his pay stubs. McDonniel’s testimony clearly established the relevant incidents leading to Daniels’s termination. Furthermore, our authorities clearly support the Board’s finding that Daniels’s actions constituted misconduct. We therefore affirm this assignment of error.
¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.