# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CC-00336-COA

**ANTHONY ROBINSON**                                                      **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF**                                            **APPELLEE**
**EMPLOYMENT SECURITY**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2015 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY ROBINSON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | ANNA CRAIN CLEMMER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW'S FINDINGS THAT CLAIMANT ABANDONED HIS JOB AND THEREFORE WAS NOT ENTITLED TO UNEMPLOYMENT BENEFITS |
| DISPOSITION: | AFFIRMED - 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND BARNES, JJ.**

**ISHEE, J., FOR THE COURT**:

¶1.     Sedona Staffing fired Anthony Robinson pursuant to Sedona Staffing's attendance policy. After Robinson's termination, he filed for unemployment benefits. A claims examiner from the Mississippi Department of Employment Security (MDES) investigated and found that Robinson voluntarily quit without good cause and was, therefore, ineligible to receive unemployment benefits. Robinson appealed. After a hearing, an administrative

judge (ALJ) agreed with MDES, and held that Robinson violated Sedona Staffing's attendance policy. Robinson appealed to MDES's Board of Review, which adopted the ALJ's findings and conclusions. Robinson appealed the ALJ's decision to the Marshall County Circuit Court, which also affirmed MDES's judgment. Still aggrieved, Robinson now appeals to this Court. For the following reasons, we affirm.

**FACTS**

¶2.     Robinson had been employed as a material handler for Sedona Staffing from December 27, 2012, until he failed to show up for work without notification for three consecutive days beginning on August 30, 2013. On September 10, 2014, over a year after his termination, Robinson filed an initial claim for unemployment benefits. A claims examiner from MDES investigated. According to the claims examiner's report, Robinson was arrested on August 30, 2013, and was incarcerated until September 18, 2014. The claims examiner found that neither Robinson nor someone on his behalf contacted Sedona Staffing regarding Robinson's incarceration status. As a result, the claims examiner found that Robinson voluntarily quit without good cause because he failed to take steps to protect his job.

¶3.     Robinson appealed. An ALJ conducted a telephonic hearing with Robinson and Salvadore Balderamma, an office manager testifying on behalf of Sedona Staffing. During that hearing, Balderamma explained that they had an attendance policy that if there was "no call/no show after three days," it was considered self-termination. Balderamma also stated that they tried to no avail to reach Robinson. Furthermore, Balderamma explained that had

2

he been informed of Robinson's incarceration status, Robinson's employment status would have been handled differently. When asked about the attendance policy, Robinson admitted that he was aware of the policy. Robinson stated that he had been incarcerated for one year and one week, and was not allowed a telephone call during that time. He did see family members during that time, but not within his first three days of incarceration. Robinson stated that he asked the judge involved in his criminal case to notify Robinson's work about his status on his behalf. Nonetheless, Balderamma, during the telephonic hearing, stated that the hearing was the first time that he had heard about Robinson's incarceration. The ALJ ultimately found that Robinson had not "shown good cause under the [l]aw for voluntarily leaving his employment and would not be entitled to receipt of benefits."

¶4.     Robinson appealed this decision to MDES's Board of Review, which adopted the findings of facts and opinion, and affirmed the ALJ's decision. Robinson appealed the Board's decision to the circuit court, which affirmed the Board's decision on the grounds that it was "supported by substantial evidence and the applicable law." Aggrieved, Robinson now appeals the circuit court's judgment.

**LAW AND DISCUSSION**

¶5.     Mississippi Code Annotated section 71-5-531 (Supp. 2015) provides that the Board's findings of fact are conclusive if supported by evidence and if no fraud is involved, as is the case before us. Therefore, on appeal, this Court's jurisdiction is "confined to questions of law." *Id.* "If substantial evidence supports the [B]oard's fact-finding and the relevant law was properly applied to the facts, the appellate court must affirm." *Barnett v. Miss. Emp't*

3

*Sec. Comm'n*, 583 So. 2d 193, 195 (Miss. 1991). "This Court must not reweigh the facts of the case or insert its judgment for that of the agency." *Allen v. Miss. Emp't Sec. Comm'n*, 639 So. 2d 904, 906 (Miss. 1994) (citation omitted).

¶6. Robinson points to his incarceration as the reason he was unable to notify Sedona Staffing. However, Robinson was well aware of the attendance policy, specifically the three-day "no show/no call" rule, which provided the grounds for Robinson's status as having voluntarily left his employment without good cause. The record also reveals that Robinson admitted that, upon his release, he did not go to Sedona Staffing to explain, nor is there evidence that Robinson tried to regain employment with Sedona Staffing. Finally, nothing in the record indicates that Robinson asked his family members who visited him during his incarceration to relay his status to Sedona Staffing.

¶7. Under Mississippi's unemployment-compensation law, a person is disqualified from receiving benefits if he left work voluntarily without good cause. Miss. Code Ann. § 71-5-513(A)(1)(a) (Supp. 2015). The burden of proving good cause for leaving one's employment voluntarily rests with the employee. Miss. Code Ann. § 71-5-513(A)(1)(c) (Supp. 2015); *see also Hoerner Boxes Inc. v. Miss. Emp't Sec. Comm'n*, 693 So. 2d 1343, 1346 (Miss. 1997). We cannot find that the Board, by adopting the ALJ's ruling, erred in its findings of facts or its application of the law. As such, we affirm the circuit court's judgment.

¶8. **THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**